Newton C. MERRITT, Appellant,

v.

STATE HOSPITAL NO. 1, FULTON, Missouri, and Dr. Donald B. Peterson, Superintendent, State Hospital No. 1, Fulton, Missouri, Respondents.

No. 24322.

Kansas City Court of Appeals.

Missouri.

April 4, 1966.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 6, 1966.

Patrick Horner, Auxvasse, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, Clyde Burch, Sp. Asst. Atty. Gen., Kirksville, John C. Klaffenbach, Asst. Atty. Gen., Jefferson City, for respondents.

MAUGHMER, Commissioner.

The appellant was a hospital attendant at State Hospital No. 1 in Fulton, Missouri. He was dismissed from that employment and the Personnel Advisory Board upheld the dismissal. Upon review the circuit court affirmed and the employee has appealed.

Most of the facts are undisputed. Appellant, Newton C. Merritt, was employed from August, 1959 until December 17, 1963, as a hospital attendant at State Hospital No. 1, Fulton, Missouri. During the latter part of his service he was on the 3:00 to 11:00 p. m. shift at the Biggs Building, which was a place of maximum security and housed the criminal insane. Mr. Merritt had previously worked for approximately one year as an attendant at the St. James Federal Soldiers' Home.

In December, 1963, appellant's immediate supervisor was Mr. Leo Boone. Mr. Percy Langley was nursing supervisor. Mrs. Nina McAllister was acting director of nurses, and Dr. Donald B. Peterson was superintendent of the hospital and ex-officio the appointing authority.

Early in December, 1963, Mr. Merritt lodged a complaint against another attendant, Mustoe, by name, for alleged physical abuse of a patient. On December 11, Merritt went or was called to the office of Mrs. Nina McAllister, acting director of nurses, and there gave his statement concerning the alleged mistreatment. Present at the time were Mrs. McAllister, Mr. Jack Schwieterman, personnel officer, and Mr. Bob Rosson, registrar. All three questioned Mr. Merritt. His statement and the questions and answers were all tape recorded at the time. Apparently these hospital attendants are de facto nurses, or at least are regarded as such in the hospital chain of command, since Mrs. McAllister, director of nurses, seemed to be "boss of the attendants" and outranked by only the superintendent and presumably by the ward doctors. In any event, Mrs. McAllister was vested with or assumed authority to investigate the charges of "patient abuse" and prescribe punishment for any such infraction as well as for insubordination or other misbehavior on the part of the attendants. She called Merritt back to her office on the following day, December 12, and questioned him further on the same subject. On this occasion Mustoe, the attendant charged with misconduct, and attendant Toomes—a witness—were also present. Again the whole proceeding was tape recorded. All witnesses, including Mrs. McAllister, agree that appellant on both occasions was completely cooperative.

On December 13, and for the third day in succession, Mrs. McAllister requested Merritt to report to her office. This was a telephone request and was communicated by Leo Boone, Merritt's immediate supervisor. Appellant told Boone he had taken a laxative—had diarrhea—was in no condition to go and was not going. However, he worked on the 13th, on the 14th and on the 15th. On December 16, Mrs. McAllister sent a written order to the Biggs Building, directing appellant to "report to her office for further questioning concerning the charges of patient abuse". Appellent did not report on the 16th. He told his supervisor that he had told all about the affair on the two previous visits and Mrs. McAllister was getting ready to fire him. However, early on the morning of December 17, he did go to her office. Mrs. McAllister made no further inquiries on the subject of patient abuse, but immediately informed Merritt that his conduct in failing to report to her as requested or directed amounted to insubordination and she was going to recommend his dismissal.

On December 18, 1963, Merritt was informed by letter from Mr. Schweiterman, personnel officer, that he was suspended

without pay, effective December 17, 1963, and would be dismissed from employment December 22, 1963 "because of your unsatisfactory work attitude as shown by your refusal to report to the director of nursing services as requested by your supervisor and the director of nursing services". Dr. Donald B. Peterson, superintendent and the appointing authority, wrote a letter to Merritt, explaining the reasons for the dismissal. The superintendent does not usually do this, but stated that Merritt's was an exceptional case. He did not point out in just what respects he regarded it as exceptional.

Chapter 36, V.A.M.S. has to do with the state merit system. It is conceded that appellant's job as attendant was covered by this chapter. Sections 36.040, 36.050, V.A.M.S. provide for and create a Personnel Advisory Board. We note that appellant here was suspended from December 17 to December 22, 1963, a period of five days, and then dismissed effective December 22, 1963. Section 36.370, V.A.M.S. vests "an appointing authority" with the authority to suspend an employee for disciplinary purposes but not exceeding ten days in any twelve month period. Section 36.380, V.A. M.S. authorizes dismissal "for the good of the service". An employee who has been either suspended or dismissed has the right of appeal to the Board. Section 36.-390(5) V.A.M.S. provides that after a public hearing the Board may (1) order reinstatement and payment of lost salary; (2) sustain the dismissal unless the Board finds "that the dismissal was based upon political, social or religious reasons" in which case reinstatement should be ordered, or (3) except as provided by (1) and (2) hereinabove the Board "may sustain the dismissal, but may order the name of the dismissed employee returned to an appropriate reinstatement register" or may transfer such employee.

Appellant appealed to the Board. A lengthy hearing was held. The facts as we have outlined them were there developed and the Board found: "That the testimony and evidence presented at said hearing established to the satisfaction of the Board that the dismissal was for the good of the service". It concluded: "The Personnel Advisory Board, after hearing and considering all of the evidence for and against the suspension and dismissal, order That the suspension and dismissal of Newton C. Merritt by the appointing authority of State Hospital No. 1 be sustained, but that Mr. Merritt's name be placed on an appropriate reinstatement register in the area of his choice other than State Hospital No. 1, Fulton, Missouri". This listing for reemployment or on a reinstatement register is apparently in accordance with the provisions or suggestions contained in Section 36.390 (5)(3), supra.

The appellant sought review by the circuit court. That court affirmed the order of suspension and dismissal. The Board has not been made a party respondent. Only State Hospital No. 1 and Dr. Peterson are joined as such. However, no suggestion of improper or incomplete joinder has been made.

■ Respondents contend first that under Section 36.390(5) supra, the Board could only reinstate an employee if the dismissal was "because of political, social or religious reasons". We disagree. First, the statute itself authorizes reinstatement if the dismissal was "not for the good of the service" and, second, Article V, Section 22, The Constitution, V.A.M.S. provides for a direct review by the courts as provided by law of all final decisions, findings, etc. of any administrative body, and that such review shall include a determination of whether the decision is authorized by law and is supported by competent and substantial evidence upon the whole record. State at the Relation of Bond v. Simmons et al., Mo.App., 299 S.W.2d 540, 542. Section 536.140, V.A.M.S. spells out the scope of judicial review. We must examine the record and determine if the decision complained of (1) is unauthorized by law; (2) is supported by competent and substantial

evidence upon the whole record; (3) is the result of unlawful procedure or without a fair trial; (4) is arbitrary or capricious and (5) involves an abuse of discretion.

It is undisputed that the appointing authority has the statutory authorization to suspend or dismiss the employee and it is also undisputed that the Board by its decision on appeal did not exceed its jurisdiction. The contested issues which we must determine are these: Is the decision arbitrary or capricious, does it constitute an abuse of discretion and is it supported by competent and substantial evidence upon the whole record?

█ In our determination as to whether or not the decision is supported by competent and substantial evidence we cannot substitute our judgment for that of the tribunal. But we are authorized to determine if the administrative body could have reasonably made its findings and reached its result upon the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence. Wood v. Wagner Electric Corp. et al., en Banc., 355 Mo. 670, 197 S.W.2d 647, 649; Michler v. Krey Packing Co., en Banc., 363 Mo. 707, 253 S.W.2d 136; Willens v. Personnel Board of Kansas City et al., Mo. App., 277 S.W.2d 665, 670.

These three questions are somewhat interwoven here. Clearly appellant failed, neglected or refused to report to the office of Mrs. McAllister, acting director of nurses, on December 13, although orally requested to do so by Mrs. McAllister, her request being transmitted by Leo Boone, appellant's immediate supervisor. Appellant offered as an excuse to Boone, his assertion that he was suffering from diarrhea. However, he worked on that day, the 13th, and again on the 14th and 15th. On December 16, Mrs. McAllister, by written order directed him to report to her office. He did not do so, but did go there early on December 17, and was immediately fired or advised by Mrs. McAllister that she was going to recommend his dismissal.

Appellant's expressed opinion that he had told all he knew about the matter under investigation and it was unnecessary to be examined a third time about it seems reasonable and plausible to us. However, the scope of the investigation was a question for the hospital authorities to determine. It was not for Merritt to decide, nor is the decision one for the judgment of this court, unless the actions of Mrs. McAllister and the others were patently absurb, arbitrary or capricious. The suspicion may at least arise that possibly Merritt had complained against an attendant who was a favorite of Mrs. McAllister. Nevertheless, the fact remains that Merritt refused to obey an oral and later a written request or direction to report to the office of Mrs. McAllister. We presume that any well run and efficient organization, be it army, hospital or private business, must have an effective chain of command and it must be responsive, otherwise discipline fails, the organization is disrupted and attainment of the ultimate purposes and objectives become impossible. We certainly are not convinced that Mrs. McAllister's actions in this affair were completely fair, unprejudiced and necessary for the good of the service but we cannot, even if we would, substitute our judgment for that of the appointing authority or the Personnel Board. Moreover, Merritt's failure and refusal to comply with Mrs. McAllister's oral and written requests or orders cannot be regarded as being conducive to hospital efficiency, employee morale or the building of a good and smoothly operating organization.

█ It is conceded and established that Merritt did refuse or fail to comply in these matters. We, therefore, conclude that the decision is supported by substantial, competent and credible evidence. It is further our opinion that to hold the decision was arbitrary, capricious or an abuse of discretion would be to substitute our judgment for that of the Board, since failure of a subordinate to obey a proper order twice repeated, on separate days, once oral and once in writing, must be accepted as a solid

basis for disciplinary action, even possible dismissal. Therefore, the judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.