**TANK TRAILER, INC., Respondent,**

v.

**MISSOURI STATE HIGHWAY AND TRANSPORTATION COMMISSION, Appellant.**

No. 49024.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 26, 1985.

Bruce A. Ring, Dennis J. Redel, Jefferson City, for appellant.

Eric C. Harris, Mayhugh & Harris, Flat River, for respondent.

CLEMENS, Senior Judge.

The Highway Commission initially won on its complaint against Tank Trailer, Inc. (the company). This in a hearing before the commission's hearing examiner. However, when this ruling came on for review the circuit court found against the commission; it has appealed to our court.

The commission's complaint was based on its regulation barring advertising signs—even on the advertiser's own land—

located within a prescribed distance from the highway right-of-way; this, even if the intervening space is used for "an agricultural activity".

Here the appellant highway commission contends the record refutes the trial court's finding the space between the highway and the challenged sign was not an agricultural activity. In this the commission would disregard hearing testimony of its own witness: A letter written by the company's president to the commission describing the use and purpose of the land lying between its plant on the highway and its advertising sign. By that exhibit the company declared the land is not used for agricultural purposes; instead, its purpose is a storage area for materials used in the company's manufacturing business.

The trial court's judgment for the company declared: (1) Between the company's office and the challenged sign there is no other land use. (2) The record does not show any existing farm land. (3) The company owns and uses the entire tract for storage of parts integral to its business. (4) The commission's challenged order is not supported by competent evidence.

Thereupon the trial court entered judgment against the commission. That decision was based on evidence refuting the commission's finding the land was agricultural; it supported the company's contention the land was commercial.

In *Ross v. Robb*, 662 S.W.2d 257[1] (Mo. banc 1984) the court held that on appeal from an administrative decision our "review is limited to a determination whether the decision was supported by competent and substantial evidence upon the whole record or whether it was arbitrary, capricious, unreasonable or an abuse of discretion." When the commission order is not affirmatively supported—and here it was not—its decision cannot stand. *Lindsey v. Taylor*, 541 S.W.2d 38[1] (Mo.App.1976).

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.