STATE of Missouri ex rel. J. Harry WIG-GINS, Supervisor of Liquor Control of the State of Missouri, Relator,

v.

Honorable Harry A. HALL, Judge, Circuit Court of Missouri, Sixteenth Judicial Circuit, Division 10, at Kansas City, Respondent.

**No. 54959.**

Supreme Court of Missouri, En Banc.

March 9, 1970.

Rehearing Denied April 13, 1970.

John C. Danforth, Atty. Gen. of Missouri, Jefferson City, Wayne H. Hoecker, Asst. Atty. Gen., Kansas City, for relator.

James Daleo, Kansas City, for respondent.

DONNELLY, Judge.

This is an original action in prohibition.

Relator is the Supervisor of Liquor Control of the State of Missouri.

On January 12, 1968, the relator notified the Sherman Bar, Inc., that a hearing would be held at the Jackson County Courthouse, Kansas City, Missouri, to inquire into certain charges concerning the unlawful refilling of intoxicating liquor containers in violation of § 311.550(5) RSMo 1959, V.A.M.S. A hearing was had on March 26, 1968, before the Supervisor of Liquor Control. After hearing the evidence presented, relator issued an order, dated June 1, 1968, revoking the Missouri State liquor license issued to the Sherman Bar, Inc.

On June 3, 1968, the Sherman Bar, Inc., filed with the Honorable Bruce R. Watkins, Clerk, Circuit Court of Missouri, Sixteenth Judicial Circuit, a petition for judicial review. This petition was assigned to Division No. 10 of the Court. On the same day, June 3, 1968, the respondent issued (ex parte) a temporary restraining order ordering relator to cease and desist from carrying out the order of revocation until the issues were fully determined.

On July 19, 1968, the relator notified the Sherman Bar, Inc., that a hearing would be held at the State Office Building, Kansas City, Missouri, to inquire into certain charges concerning its failure to maintain an orderly place. A hearing was held before relator on July 30, 1968. After hearing the evidence, relator issued an order, dated August 14, 1968, revoking the Missouri State liquor license issued to the Sherman Bar, Inc.

On August 16, 1968, Sherman Bar, Inc., filed with the Honorable Bruce R. Watkins, Clerk, Circuit Court of Missouri, Sixteenth Judicial Circuit, an application for judicial review. This application was assigned to Division No. 10 of the Court. On the same day, August 16, 1968, the Honorable Tom J. Stubbs, Presiding Judge, Circuit Court of Missouri, Sixteenth Judicial Circuit, sitting for the respondent herein, issued (ex parte) a temporary restraining order ordering relator to cease and desist from carrying out the order of revocation until the issues were fully determined.

On February 28, 1969, relator filed a motion to dismiss appeal or quash the stay orders.

On July 30, 1969, respondent notified the parties that the court was overruling relator's motion to dismiss appeal or to quash the stay orders.

Relator asks that we prohibit respondent from enforcing his orders staying relator's orders of revocation.

■ The applicable principles of law are stated in State v. Parker Distilling Co., 236 Mo. 219, 139 S.W. 453, 461, 467, and 468, as follows:

"We think that it is fairly deducible from the foregoing authorities that no one has a natural or primary right to manufacture, sell, or refine intoxicating liquors, in any quantity, in this state, but such occupation can only be pursued when the person who desires to engage therein first procures a license from the proper authori-

ties of the state authorizing him to so do. Those authorities also establish the fact that the liquor traffic is not a lawful business, except as authorized by express legislation of the state; that no person has the natural or inherent right to engage therein; that the liquor business does not stand upon the same plane, in the eyes of the law, with other commercial occupations. It is placed under the ban of law, and it is therefore differentiated from all other occupations, and is thereby separated or removed from the natural rights, privileges, and immunities of the citizen.

\* \* \* \* \* \*

"The liquor business in this state has been outlawed by legislation, and it can only be conducted lawfully by securing a license from the state authorizing it to be done. That alone is a police regulation. It is not a contract between the state and the licensee, and the state may revoke it at pleasure.

\* \* \* \* \* \*

"When we bear in mind the foregoing idea that *the liquor traffic in this state has no legal rights, save and except those expressly granted by license and the statute under which it is issued,* then we can more clearly see that the state may impose such conditions, burdens, and regulations as it may deem wise and proper, and no one who engages therein has a right to complain thereof." (Emphasis ours.)

The Sherman Bar, Inc., was granted its license to sell intoxicating liquor under the provisions of Chapter 311, RSMo 1959, V.A.M.S. In Missouri, the remedy given it upon revocation of license is set forth in § 311.700, RSMo 1959, V.A.M.S., which reads in part as follows: "Any party to the proceedings who is aggrieved by any final decision, finding, rule or order of the supervisor may file with the supervisor of liquor control his application for a review within fifteen days after notice of such decision shall have been mailed to said party. Within ten days after receipt of such application for review, the supervisor shall transmit to the circuit court of the county wherein the party aggrieved resides, a certified copy of the entire record of the proceedings under review, including a transcript of the evidence heard in cases in which a hearing is required by law. The filing of such application for review shall not stay enforcement of the supervisor's decision. Such action shall be given precedence over all other civil cases and shall be heard by the court as soon as possible after the filing thereof, except that they shall not be heard ahead of cases arising under the workmen's compensation and unemployment compensation laws of this state. The review shall be conducted by the court without a jury. The reviewing court may affirm the decision of the supervisor or may reverse or modify it when such decision is not authorized by law and, in cases in which a hearing is required by law, when such decision is not supported by competent substantial evidence on the whole record. The supervisor or any other party to the proceedings may secure a review of the final judgment of the circuit court by appeal in the manner and form provided by law for appeals from the circuit court in civil cases."

This is the sole remedy granted Sherman Bar, Inc., by the statute under which its license was issued. It has no other remedy. There being no *statutory* authorization for the reviewing court to stay enforcement of the supervisor's decision, the reviewing court has no authority to take such action. We recognize that injustice to the license holder may result in this situation. However, "courts which recognize that they cannot relieve from such injustice will endeavor to avoid it by prompt decision." Yacht Club Catering v. Bruckman, 276 N.Y. 44, 11 N.E.2d 345, 347.

We hold that respondent was without jurisdiction to order relator to cease and desist from carrying out the orders of revocation until the issues were finally determined. See State ex rel. Indiana Alcoholic Beverage Commission v. Superior

Court of Marion County, 233 Ind. 563, 122 N.E.2d 9, 10.

The provisional rule in prohibition is made absolute. Relator also asks that we direct respondent to dismiss the petitions for review pending before him. We decline to rule this question on this record in prohibition.

HENLEY, C. J., FINCH, SEILER, MORGAN, HOLMAN, JJ., and BRADY, Sp. J., concur.

STORCKMAN, J., not sitting.