**Mike BROGOTO, d/b/a Club 606, Respondent,**

**v.**

**J. Harry WIGGINS, Supervisor of Liquor Control, State of Missouri, Appellant.**

**No. 54762.**

Supreme Court of Missouri, Division No. 1.

Sept. 14, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 12, 1970.

John J. McFadden, Kansas City, for respondent.

John C. Danforth, Atty. Gen. of Missouri, Jefferson City, Wayne H. Hoecker, Asst. Atty. Gen., Kansas City, for appellant.

HOUSER, Commissioner.

This is an appeal from an order of the Circuit Court of Jackson County reversing an order of the Supervisor of Liquor Control revoking a liquor license. For relief from the order of revocation licensee filed a petition for review under the Administrative Review Act, Chapter 536, RSMo 1959, V.A.M.S., and Supreme Court Rule 100, V.A.M.R., praying that the supervisor's order be set aside and for naught held and that pending final decision the circuit court stay the order of revocation.

The court immediately issued a cease and desist order against the supervisor, who subsequently filed a motion to dismiss the appeal to the circuit court for lack of jurisdiction, or in the alternative to quash the temporary restraining order. The court quashed the temporary restraining order on the ground that it was issued contrary to the provisions of § 311.700, RSMo 1959, V.A.M.S. (a section of the Liquor Control Law, Chapter 311, V.A.M.S.) but retained jurisdiction to hear the appeal. After reading and considering the transcript of the proceedings before the supervisor the circuit court entered the order appealed from, finding that the supervisor's order was not supported by competent and credible evidence on the whole record.

■ We have jurisdiction of this type of case, since the Supervisor of Liquor Control, a state officer, is a party. Article V, Section 3, Constitution of Missouri, 1945, V.A.M.S.; State ex rel. Zimmerman v. Moran, Mo.Sup., 439 S.W.2d 503 [1].

The first question goes to the jurisdiction of the circuit court to hear and entertain a review of the order of the Supervisor of Liquor Control under the Administrative Review Act. The Attorney General, representing the supervisor, contends that in the passage of § 311.700, RSMo 1959, V.A. M.S., the General Assembly has provided a special separate statutory procedure for review of all final decisions, findings, rules and orders of this particular agency; that the special procedure thus provided is mandatory and jurisdictional; that strict compliance with the prescribed procedure is required and that failure to so comply results in a failure to vest the circuit and appellate courts with jurisdiction of the subject matter.

This contention must be sustained. Respondent was granted a license to sell intoxicating liquor under the provisions of the Liquor Control Law, Chapter 311, RSMo 1959, V.A.M.S. Section 311.700 of that Law provides that "Any party to the proceedings who is aggrieved by any final decision, finding, rule or order of the supervisor may file *with the supervisor of liquor control* his application for a review * * *." (Our emphasis.) Instead of following this clear and unambiguous statutory direction the licensee filed a petition for review of the order of revocation in the Circuit Court of Jackson County under the general provisions of the Administrative Review Act, Chapter 536, RSMo 1959, V.A.M.S., and under Supreme Court Rule 100 relating to Administrative Review.

■ On March 9, 1970 this Court, sitting en banc, in State of Missouri ex rel. Wiggins, Supervisor of Liquor Control of State of Missouri v. Hall, Judge, Mo., 452 S.W.2d 106, in an original action in prohibition, held that the circuit court had no jurisdiction to issue a temporary restraining order against the Supervisor of Liquor Control to cease and desist from carrying out an order of revocation of a liquor license. The restraining order was issued in a proceeding filed in the circuit court for judicial review of the supervisor's order. That opinion held that the sole remedy available to Sherman Bar, Inc. was under the statute under which its license was issued; that there was no statutory authorization for the reviewing court to stay enforcement of the supervisor's decision, and that the circuit court had no jurisdiction to issue the restraining order. The court declined to rule the question whether the petition for review should be dismissed because under the record that issue was not before the court. That issue is now directly presented and, consistent with the ruling in State ex rel. Wiggins, Supervisor v. Hall, Judge, supra, we rule that respondent, licensed to sell liquor, had no legal rights (including the right of appeal) except those granted him by the license issued to him and by the Liquor Control Law under which it issued. Section 311.700 of that Law prescribes the method of review for any party aggrieved by a final order of the supervisor under that Law. That method of review is the sole and only rem-

edy available to the licensee for review of the supervisor's order revoking his license. It is exclusive, mandatory and jurisdictional. "§ 536.110 RSMo 1949, V.A. M.S. of the Administrative Procedure and Review Act does not apply to agencies which have their own separate review provision set up in their own special statutes. This Act was never intended to be a complete or adequate statute for administrative review of procedure. 4 M.B.J. 161, 171 (1948); M.L.R., Vol. 17 (1952) p. 287." In re City of Duquesne, Mo.App., 313 S.W.2d 65, 69 (1958). The petition filed in circuit court under the general provisions of the Administrative Review Act, Chapter 536, is a nullity, and it conferred no jurisdiction on the circuit court to conduct such a review. That this was the legislative intention admits of no doubt, particularly in view of the provision of the Administrative Procedure Act in § 536.100 excluding judicial review under that chapter where "some other provision for judicial review is provided by statute," and the provision of a special statute for the review of the orders of the Supervisor of Liquor Control at the same session of the General Assembly at which the Administrative Review Act was originally passed.[1] Furthermore, Supreme Court Rule 100.03, in providing for judicial review under the rule, excepts persons for whom "some other provision for judicial review is provided by statute."

The circuit court having acquired no jurisdiction for the reasons stated the judgment of that court is reversed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.

1. The emergency clause placing § 311.700 in full force immediately upon its passage and approval recited that "there is now no * * * law providing for review of deci-

sions of the Supervisor of Liquor Control * * *." Laws of Mo.1945, pp. 1030–1032, § 4905B.