**SHERMAN BAR, INC., d/b/a Sherman Bar, Respondent,**

v.

**John Harry WIGGINS, Supervisor, Department of Liquor Control, State of Missouri, Appellant.**

**Nos. 55990, 55991.**

Supreme Court of Missouri, Division No. 1.

Oct. 9, 1972.

Rehearing Denied Nov. 13, 1972.

James Daleo, Robert Frager, Kansas City, for respondent.

John C. Danforth, Atty. Gen., Wayne H. Hoecker, Asst. Atty. Gen., Jefferson City, for appellant.

BARDGETT, Judge.

These are consolidated appeals by the Supervisor of Liquor Control from two judgments of the circuit court in proceedings for review of the supervisor's orders revoking the license for the sale of liquor by the drink of respondent Sherman Bar, Inc. The circuit court set aside the supervisor's revocation orders and the supervisor appealed.

■ Notices of appeal were filed prior to January 1, 1972, in both cases and, therefore, this court has jurisdiction because the Supervisor of Liquor Control, a state officer, is a party. Art. V, § 3, Mo. Const.1945, V.A.M.S.

Re Cause No. 55,990: The supervisor held a hearing in March 1968 inquiring into charges against respondent pertaining to alleged refilling of liquor bottles. On June 1, 1968, the supervisor made a finding that respondent was guilty of the charge and entered an order revoking respondent's liquor license. On June 3, 1968, within the fifteen days allowed by § 311.700, RSMo 1959, V.A.M.S., respondent filed a petition for judicial review with the circuit clerk and on that same day served its petition for judicial review on the supervisor. Respondent obtained an order from the circuit court temporarily staying the enforcement of the supervisor's revocation order pending circuit court review. The validity of the temporary restraining or cease and desist order was the subject of State ex rel. Wiggins v. Hall, Mo., 452 S.W.2d 106, in which this court held that the circuit court did not have jurisdiction to enter such an order under the provision of § 311.700, supra. On June 19 or 20 the supervisor, with the consent of respondent, obtained an extension of time beyond the ten-day period allowed by § 311.700, and until July 10, 1968, within which to file the transcript of the proceedings in circuit court. The transcript of the proceedings before the supervisor was filed in circuit court on July 10, 1968, under cover letter of the supervisor reciting that, "This record is transmitted to you pursuant to Provision 311.700, R.S. Missouri, 1959."

Re Cause No. 55,991: The supervisor held a hearing on July 30, 1968, to inquire into a number of alleged violations of the Liquor Control Act by respondent. These charges principally involved allegations that respondent permitted females to solicit for purposes of prostitution on the licensed premises and also that respondent allowed gambling on the licensed premises. On August 14, 1968, appellant entered his findings that respondent was guilty of the charges and ordered respondent's liquor license revoked. On August 16, 1968, respondent filed an application for review in circuit court similar in form to the petition filed in cause No. 55,990 and served the petition on the supervisor on the same date. Respondent again obtained a cease and desist order, similar in substance and form to that obtained in cause No. 55,990, and the validity of this cease and desist order was also the subject of State ex rel. Wiggins v. Hall, supra. On or about August 22, 1968, the supervisor transmitted to the circuit court the record of the proceedings before the supervisor "pursuant to Provision 311.700, R.S. Missouri, 1959."

The petition for review in cause No. 55,990 is similar in form to the application for review in No. 55,991. Both alleged the grounds relied on by respondent in seeking a reversal of the supervisor's revocation orders and both contain an assertion that the "Petition" in No. 55,990 and the "Application" in No. 55,991 are in "accordance with the Missouri Administrative Procedural Review Act."

No further proceedings were had in either case until February 28, 1969, at which time appellant filed motions in circuit court by which appellant moved that the court dismiss respondent's petitions for judicial review "for lack of jurisdiction; or, in the

alternative to quash the temporary restraining orders issued dated June 3, 1968, and August 16, 1968; said orders being contrary to the provisions of Section 311.-700 R.S.Mo." On July 30, 1969, the circuit court overruled the aforesaid motions of appellant. Thereafter, on August 13, 1969, the supervisor instituted a prohibition proceeding in this court and it was held that the circuit court did not have jurisdiction to stay the enforcement of the supervisor's orders under the review procedures of § 311.700, V.A.M.S.; however, the court declined to rule on the supervisor's contention that the circuit court had no jurisdiction of the appeal (review). State ex rel. Wiggins v. Hall, supra.

On March 23, 1970, respondent licensee filed a motion in cause No. 55,990 in the circuit court alleging it was entitled to judgment because the supervisor did not file the transcript of the proceedings with the circuit court within ten days as required by § 311.700, supra, and therefore the court, because of the supervisor's failure to so file the transcript, had nothing before it upon which to sustain the supervisor's order. The circuit court held the requirement that the transcript be filed within the ten-day period to be jurisdictional.

On April 23, 1970, both cases came on for hearing before the circuit court. In cause No. 55,990, the court sustained respondent's motion for summary judgment on the ground that the supervisor's failure to file the transcript within the ten-day period, in effect, divested the court of jurisdiction to hear the appeal on its merits. In cause No. 55,991, the court reviewed the transcript of the proceedings before the supervisor, including the findings of fact and conclusions of law, and set aside the supervisor's revocation order on the ground that the decision and revocation order of the supervisor dated August 14, 1968, were not supported by competent and substantial evidence upon the whole record. The supervisor then appealed both judgments.

Appellant supervisor contends the circuit court did not have jurisdiction to entertain review, and therefore respondent's petition and application for review in both cases should be ordered dismissed asserting that respondent did not proceed initially under § 311.700, but rather under § 536.100—the Administrative Procedure and Review Act —relying upon State ex rel. Wiggins v. Hall, supra, and Brogoto v. Wiggins, Mo., 458 S.W.2d 317, decided September 14, 1970.

The factual basis for appellant's position is that (1) respondent's initial petition and application for review stated that the same were "in accordance with the Missouri Administrative Procedural Review Act"; (2) respondent filed its application for review in the circuit court first and served the supervisor second, and (3) respondent sought a temporary restraining order from the circuit court, the same being an order the circuit court has no power to grant under § 311.700 but does have power to grant under § 536.120—the Administrative Procedure and Review Act.

Respondent contends that it has substantially complied with § 311.700, RSMo 1959, V.A.M.S., the review procedure under the Liquor Control Act, by serving its petition or application for review upon the supervisor within the fifteen days allowed by § 311.700. Respondent asserts that the *only* requirement of § 311.700 is that the aggrieved party "file with the supervisor of liquor control his application for review within fifteen days after notice of such decision" has been mailed by the supervisor, and that respondent has complied with this requirement.

▬ Prior to this court's decision in State ex rel. Wiggins .v. Hall, supra, it would appear that there existed doubt as to whether the circuit court had the power to issue a cease and desist order pending review of the supervisor's orders by the circuit court, for such orders were issued and apparently their validity was not contested. Cf. State ex rel. Favazza v. Ketchum, Mo.,

367 S.W.2d 542, 546. That question has now been decided by this court against the power of the circuit court to issue such orders. State ex rel. Wiggins v. Hall, supra.

■ In cause No. 55,990, the supervisor did not file the transcript of the proceedings before him within the ten days allowed by § 311.700, but did obtain an extension of time with respondent's consent and filed the transcript within the time as extended. There is no provision in § 311.-700 authorizing the granting of any extension of time for the filing of the transcript. There is such a provision however in § 536.130, subd. 1, the Administrative Procedure and Review Act. Brogoto v. Wiggins, supra, held that the review available to a liquor licensee from an order of the supervisor is exclusively controlled by § 311.700 and that Chapter 536 has no application to such proceedings.

Thus, whatever doubt that may have arguably existed prior to State ex rel. Wiggins v. Hall, supra, and Brogoto v. Wiggins, supra, with respect to the procedural and substantive review available to a licensee, has been resolved.

To apply *Brogoto* to the instant causes so as to effect a dismissal of licensee's applications for review would be to totally ignore substance in favor of form. In *Brogoto* it appears that the licensee made a conscious choice of law and clearly instituted his review procedure under Chapter 536, V.A.M.S., and S.Ct. Rule 100, V.A.M.R., and on appeal continued to maintain that he had the right to so proceed.

In the instant causes, the licensee maintains that it complied with the review procedure set forth in § 311.700, V.A.M.S., and does not claim any rights not afforded to it under that section of the statutes. Furthermore, following the decision of this court in State ex rel. Wiggins v. Hall, *supra,* the circuit court and the parties proceeded under § 311.700 and it is from the judgments of the circuit court entered pursuant thereto that these appeals were taken.

The mere incorporation of the words appearing in licensee's petitions for review that the petitions conform to the Missouri Administrative Procedural Review Act does not operate to divest the circuit court of jurisdiction to entertain review under § 311.700 and constitutes mere surplusage. The rights of the respondent licensee to review in the circuit court are controlled by the statute conferring those rights, to wit, § 311.700, RSMo 1959, V.A.M.S., and not by reference to an inapplicable law in the petition for review. There is no contention that appellant supervisor was prejudiced in any manner by the wording of the petition for review and it seems clear that the supervisor considered the review sought to be pursuant to § 311.700 from the outset. The respondent did serve its application for review upon the supervisor within the fifteen days allowed by § 311.-700. The petitions or applications, except for the surplusage mentioned above, were proper in form and substance and were sufficient to confer jurisdiction on the circuit court to review the supervisor's orders complained of therein under § 311.700. The circuit court did not err in failing to sustain appellant supervisor's motions to dismiss.

Re Cause No. 55,990: The circuit court entered summary judgment for respondent in this cause on the ground that the supervisor failed to file the transcript of the proceedings with the circuit court within the ten-day period allowed by § 311.700 even though the parties agreed to an extension of time to file that transcript. In so doing, the circuit court held that the time requirement of ten days for the filing of the transcript was jurisdictional and the failure of the supervisor to so file the transcript left the circuit court without any basis to sustain the supervisor's revocation order. The transcript was filed within the agreed-upon extension of time, which extension was originally approved by the circuit court.

■ The trial court erred in holding that the failure of the supervisor to file

the transcript within the ten-day period allowed by § 311.700 divested the court of jurisdiction and, therefore, erred in entering summary judgment for respondent licensee on that premise. The court acquired jurisdiction to review the supervisor's order when respondent served the supervisor with its application for judicial review and did not lose jurisdiction of the appeal because the transcript was not filed within ten days. However, the provision in § 311.700 that the supervisor file the transcript with the circuit court within the ten-day period is an important requirement. It takes on added significance when judicial review is sought from an order revoking or suspending a licensee's license in view of the holding in State ex rel. Wiggins v. Hall, supra, because the licensee cannot obtain any order from the circuit court staying enforcement of the supervisor's order and, therefore, is "out of business" pending the circuit court's determination of the review. In order to minimize to some extent the hardship on a licensee whose license has been illegally revoked or suspended, the statute enjoins the circuit court to give precedence to such actions over all other civil cases, with certain exceptions, and to hear the review "as soon as possible after the filing thereof . . . ."

Sec. 311.700 requires that a transcript of the proceedings before the supervisor be filed as it is obvious that there could be no meaningful review without the transcript. Delay in filing the transcript can delay the circuit court's adjudication of the licensee's appeal. The delay of the adjudication can result in serious harm to the licensee whose license has been improperly suspended or revoked because he cannot engage in his business during the pendency of the review in circuit court. In order to give effect to a licensee's statutory right to a prompt review by the circuit court, that court must have power to enter judgment reversing the supervisor's order when the supervisor does not file the transcript within the time allowed by § 311.700, V.A.

M.S. If the court did not have this power, the supervisor could frustrate the right of a licensee to a prompt adjudication merely by delaying the filing of the transcript of the prior administrative proceedings.

■ In the instant case the licensee waived the ten-day filing provision of the statute by consenting to the extension, and the transcript was filed within the extended period of time. Having consented to the extension, respondent licensee is in no position to complain that the transcript was not filed within the ten-day period.

The circuit court should have reviewed the decision of the supervisor on the merits within the scope of review set forth in § 311.700, RSMo 1959, V.A.M.S. Cause No. 55,990 will be remanded to the circuit court with directions to promptly review the subject matter in accordance with the provisions of § 311.700. The supervisor's revocation order entered June 3, 1968 will be reinstated pending determination of respondent's petition for review by the circuit court. State ex rel. Wiggins v. Hall, supra.

Re Cause No. 55,991: In this cause the circuit court reviewed the transcript and reversed the supervisor's revocation order of August 14, 1968, on the ground that the order was not supported by competent and substantial evidence.

Following the administrative hearing, the supervisor entered his findings of fact which included the following:

"2. On March 25–26, 1968, the licensee was guilty of allowing prostitutes to loiter on the licensed premises and to solicit for purposes of prostitution on the licensed premises.

"3. On May 8, 1968, the Corporation was guilty of allowing a prostitute or dissolute person to loiter on the licensed premises and to solicit for purposes of prostitution on the licensed premises.

"4. On June 18, 1968 the licensee was guilty through the acts of its employee,

Donna Rhoades, of allowing solicitation for the acts of prostitution on the licensed premises.

"5. On June 19, 1968, the licensee was guilty through the acts of its employee, Donna Rhoades, of allowing solicitation for purposes of prostitution on the licensed premises.

"6. On various dates described particularly in the transcribed testimony the licensee was guilty of allowing females to solicit drinks of intoxicating liquor on the licensed premises.

"7. On various dates more particularly described in the transcribed testimony the licensee has been guilty of failing to maintain an orderly place on or about the licensed premises.

"8. On or about March 27, 1968 the licensee was guilty of allowing, permitting, or otherwise condoning gambling on or about the licensed premises.

"9. On or about May 8, 1968 the licensee was guilty of allowing, permitting or otherwise condoning gambling on or about the licensed premises.

"10. On various dates described more particularly in the transcribed testimony the licensee has been guilty of permitting, allowing or otherwise condoning acts of patrons and/or employees which constitute indecent, profane or obscene language and acts on or about the licensed premises."

The supervisor entered conclusions of law and ordered the license revoked.

"On this appeal, as on the appeal in the circuit court, the appellate function is to determine if there is competent substantial evidence on the whole record to support the decision of the Supervisor of Liquor Control and, in cases such as this when the supervisor must hold a hearing, the reviewing court may reverse or modify the decision only if 'such decision is not supported by competent substantial evidence on the whole record.' Section 311.700, V.

A.M.S.; . . . ." State ex rel. 807, Inc. v. Saitz, Mo., 425 S.W.2d 96, 99.

Nos. 2, 3, 4, and 5 of the findings refer to specific dates upon which the supervisor found that licensee allowed prostitutes to loiter and to solicit for purposes of prostitution on the licensed premises.

Finding No. 2 concerned March 25–26, 1968. A vice-squad detective of the Kansas City Police Dept. testified that he was in the Sherman Bar on the stated dates along with another vice-unit detective. Mr. Angelo Porrello, managing officer of Sherman Bar, Inc., was present on the premises on March 25–26, 1968. The detectives observed females at various places in the bar, and occasionally after talking to male patrons the females left with them, returning a short time later. One Karen Morris motioned for one of the officers to come to the bar, which he did, and was solicited by the woman to engage in sexual intercourse for a price, the intercourse to take place next door at the Sherman Hotel. During this conversation, Mr. Porrello was behind the bar and the solicitation took place at the bar. The officer and Karen Morris left the bar and Karen was arrested.

A few minutes later the first detective was seated at the bar and was approached by a Miss Converse, known to him to be a prostitute. She asked him to buy her a drink which he did. A Mrs. Hastings, who had left earlier with a male customer, returned and stood at the bar between the detective and Miss Converse. Mrs. Hastings called Mr. Porrello over and asked him if he knew the man she had just left with, to which he replied, "No". She then told him (Porrello) that she had taken the man next door to the hotel and "tricked him" and then he tore her bra off and took his money back. Miss Converse then asked the detective to buy Mrs. Hastings a drink which he did. Miss Converse then left and Mrs. Hastings stayed at the bar with the detective. She repeated what had happened next door and solicited the detec-

tive to have intercourse with her stating the charge would be $20, plus $3.60 for the room at the Sherman Hotel. He agreed, and she went to the end of the bar and spoke to Mr. Porrello. Upon returning she asked the detective to give Mr. Porrello the $20 before they left because she didn't want to lose it, but the detective did not do so. The two left the bar and, when outside, the detective arrested the woman.

Prior to March 25–26, 1968, the detective had seen the three women mentioned above in the Sherman Bar.

Finding No. 4 concerned June 18, 1968. A Kansas City Police Dept. patrolman testified he went to the Sherman Bar on June 17, 1968 around 9 p. m. Donna Rhoades, who was then employed as a barmaid by Sherman Bar, Inc., was present. She served the patrolman a drink. She offered to arrange for him to have intercourse with another girl for $20 on the following night. He returned on June 18, 1968, and was again approached by Mrs. Rhoades who told him she had a girl in the bar who would have intercourse with him for $20 and introduced him to the girl and the girl confirmed the arrangements but wanted the money before they left the bar. The two left the bar and the patrolman arrested the girl. Immediately thereafter another officer arrested Mrs. Rhoades. Mrs. Rhoades tended bar and also waited tables at Sherman Bar. The patrolman did not know if Mr. Porrello was in the bar on June 18, 1968.

Finding No. 3 relates to May 8, 1968. On May 8, 1968, a patrolman of the Kansas City Police Dept. went to Sherman Bar to check for gambling and prostitution activities. One Glenna Davis approached him and offered to have intercourse for a price. He agreed. Mr. Porrello was tending bar. Davis got a bottle of whiskey from the bar at which time Mr. Porrello asked her if she was going to pay for the whiskey. Davis replied that she would pay and get the money back later. The officer expressed concern for his safety in going

out with her. She told him not to worry and "If I didn't believe her, I could check with Angelo and he would vouch for her." The patrolman did not check with Angelo Porrello. They left and Miss Davis was arrested.

Finding No. 5 relates to June 19, 1968. The charge with respect to that date alleges that licensee allowed a named female to solicit on the licensed premises. There is no evidence pertaining to June 19, 1968, in the record nor is there any reference in the evidence to the female named in the charge relating to June 19, 1968.

Findings Nos. 6, 7, and 10, are general in nature. The evidence pertaining to the activities of March 25–26, May 8, and June 18, 1968, supports these three findings generally; however, findings 6, 7, and 10, are rather redundant to findings 2, 3, and 4.

Respondent contends that there was no evidence that the licensee authorized, allowed, condoned, or permitted the solicitation activities mentioned supra. Donna Rhoades was an employee of the licensee and, under the evidence, directly engaged in soliciting customers for prostitution on June 17 and 18, 1968. The managing officer Angelo Porrello was present on March 25–26, 1968, and May 8, 1968, and under the evidence the supervisor was warranted in finding that he knew of the solicitation activities while they were taking place.

■ The findings of the supervisor that on March 25–26, May 8, and June 18, 1968, the licensee was guilty of allowing prostitutes to solicit for purposes of prostitution on the licensed premises were supported by competent and substantial evidence.

Findings 8 and 9 relate to alleged gambling on March 27, 1968, and May 8, 1968, respectively. The evidence pertaining to these two dates regarding gambling was that two or three men were playing pool. The witness who testified concerning March 27, 1968, stated he saw $1.00 pass between the players on three occasions at the end of three pool games and he presumed they

were gambling. Angelo Porrello was present in the bar. There was no evidence direct or circumstantial that Porrello or any other employee knew of the gambling, if it was gambling.

The witness on the gambling charge of May 8, 1968, stated he saw two men playing pool and at the end of the game one man put $2.00 in a pool pocket and the other took it out. There was no evidence that Mr. Porrello or any other employee knew of this.

The evidence pertaining to the gambling was even less substantial than the evidence in Old Fortress, Inc. v. Myers, Mo.App., 453 S.W.2d 692. Findings 8 and 9 were not supported by competent and substantial evidence upon the whole record.

The supervisor's conclusion and order states, inter alia:

"A review of the evidence produced at the hearing in connection with these charges indicates a situation at the Sherman Bar which is abhorrent even to the most minimal standards of conduct for citizens in a public place. It is the opinion of the Supervisor of Liquor Control that the activities described in the transcript of this hearing constitute an affront to the people of the state of Missouri in whose name a license to do business at the location in question was issued. The evidence indicates that the licensed premises apparently constitute a haven, at least on the dates indicated heretofor, for prostitutes, dissolute and degenerate persons, and street walkers all of whom can be said to form from their apparent activities the lowest form of human life and behavior. It is the further opinion of the Supervisor of Liquor Control that the citizens of Missouri simply must not be, and will not be, forced to tolerate such brazen ignorance for public decency."

It is apparent that the supervisor's order of revocation was based upon the evidence pertaining to the charges of allowing the solicitations for purposes of prostitution to occur on the licensed premises and that the slight amount of evidence of gambling played little, if any, part in his decision to revoke respondent's license.

No. 55,990 (Circuit Court No. 715853). The summary judgment entered in favor of respondent and against appellant is reversed and the cause is remanded to the circuit court with directions to promptly hear and determine the appeal of Sherman Bar, Inc., on its merits pursuant to § 311.-700, V.A.M.S.

No. 55,991 (Circuit Court No. 718154). The judgment of the circuit court is reversed and the cause is remanded with directions to set aside the judgment entered April 23, 1970, and to affirm the order of the Supervisor of Liquor Control entered August 14, 1968.

All of the Judges concur.