**AMERICAN HOG COMPANY,**
**Plaintiff-Appellant,**

v.

**The COUNTY OF CLINTON, State of Missouri and the Clinton County Zoning Commission, Defendant-Respondent.**

**No. KCD 26125.**

Missouri Court of Appeals,
Kansas City District.

May 7, 1973.

 

County Zoning Order and Subdivision Regulations. The defendant County filed a motion to dismiss on the ground that the plaintiff had failed to follow the proper statutory procedure, and the County also filed an answer denying the allegations on the basis of which plaintiff claimed a continuing right to a nonconforming use.

The trial court did not rule on the motion to dismiss. However, after hearing evidence, the court did rule for the County upon findings that plaintiff had lost its right to the nonconforming use by reason of having discontinued the nonconforming use for a period of one year, under the provisions of § 16, Item 3 of the Zoning Order and Subdivision Regulations.

Plaintiff appeals claiming: (1) that there was no evidence to support a finding of an intention to abandon the nonconforming use; and (2) that the County failed to carry the burden of proof of showing abandonment. The County in its brief joins issue on the merits with respect to those specifications of errors, without making any contention with respect to its motion to dismiss on which no ruling was ever made by the trial court.

A review of the entire record shows that the findings of the trial court are supported by the evidence and that an affirmance of the judgment on the merits would therefore be warranted. However, there is a different basis for disposition which should be followed here, even though not relied on by the trial court nor briefed in this Court by the parties. That preferred basis for disposition of this case is the failure of the plaintiff to follow the statutory procedure specially provided by the legislature. This is a jurisdictional matter of which courts must take cognizance, sua sponte if necessary.

Plaintiff's petition alleges "That on September 14, 1970, the Clinton County Planning Commission advised plaintiff that its livestock confinement feeding operation was in violation of the Clinton County

Utz, Litvak, Thackery, Utz & Taylor, St. Joseph, for plaintiff-appellant.

Frost, Speckman & Fisher, Lawrence V. Fisher, Plattsburg, for defendant-respondent.

Before SHANGLER, P. J., SWOFFORD and WASSERSTROM, JJ., and FRED E. SCHOENLAUB, Special Judge.

WASSERSTROM, Judge.

Plaintiff brought this declaratory judgment suit for a determination that it has a right to operate its hog-feeding farm as a nonconforming use under the Clinton

Zoning Order and Subdivision Regulations and that plaintiff must conform thereto." The procedure prescribed for review of that action is set forth in § 64.660.[1] This section of the statutes provides that appeal from that ruling might be made to the County Board of Zoning Adjustment within a period of not more than three months. After a hearing and decision by that Board, if plaintiff was not satisfied with the results, the statute gave it a further right of review by writ of certiorari to the circuit court; and if plaintiff was still dissatisfied, the statute then provides a still further appeal to this Court.

The procedure so prescribed in § 64.660 has not been followed by the plaintiff. Instead it has attempted to follow a completely different procedural route, which it claims is authorized by §§ 536.050 and 527.020. This suit is not authorized by either of those sections.

■■ With regard to § 536.050, declaratory judgments are authorized thereunder respecting the validity of an administrative "rule" or a threatened application thereof. The term "rule" is specially defined in § 536.010(4) [V.A.M.S. § 536.010(2)] as including every regulation "of general application and future effect". The definition in that subsection (4) [V.A.M.S. subsection (2)] stands in contrast to the definition of "contested case" in subsection (2) [V.A.M.S. subsection (3)], which is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing; * * *" These definitions are substantially identical to those set forth in Rule 100.01.

The determination and order by the Clinton County Planning Commission on September 14, 1970, was part of a "contested case" rather than a mere "order" within the meaning of the above definitions. Accordingly, plaintiff's action in filing this declaratory judgment suit was not within

the authorization of § 536.050. While the Administrative Procedure Act and Rule 100 do set forth special procedures for review of a "contested case", those provisions are not pertinent here since § 536.100 and Rule 100.03 provide that these provisions are inapplicable if "some other provision for judicial review is provided by statute"; and § 64.660 does make "other provision".

■ Nor is the present declaratory judgment suit authorized under the general Declaratory Judgment Act, § 527.020. The declaratory judgment procedure cannot be used where a different specific statutory method of review is provided. Thus, 26. C.J.S. Declaratory Judgments § 20, p. 89 states:

"As a general rule where a statute provides a special form of remedy for a specific type of case, the statutory remedy must be followed, and under such circumstances a declaratory judgment will not be granted."

And in 73 C.J.S. Public Administrative Bodies and Procedures § 44, p. 359, it is said that "A declaratory judgment action should not be allowed to replace an administrative procedure prescribed by statute." Similarly, in 2 Am.Jur.2d, Administrative Law, § 712, p. 614, it is stated:

"Where a statute relating to the administrative agency provides a direct method of judicial review of agency action and is applicable, such method of review may be regarded as exclusive and to preclude the use of any other or nonstatutory method, at least in ordinary cases, particularly where * * * the statutory remedy is regarded as plain, speedy, and adequate."

So also in 22 Am.Jur.2d, Declaratory Judgments, § 31, p. 881, it is stated that: "Where appeal from the action of an administrative body is provided by statute or

---

1. All statutory references are to RSMo 1969, except where otherwise specified.

otherwise, a remedy by way of declaratory judgment will be denied."

■ The principle to be applied here is essentially the same as that where a party seeks to escape the limitations of a special type of statutory review by trying to resort to the appeal provisions contained in the Administrative Procedures Act, Chapter 536 and Rule 100. The Missouri courts have consistently held that this may not be done and that the special statutory method of appeal is exclusive. Cohen v. Ennis, 314 S.W.2d 239, l.c. 244 (Mo.App.1958) (a zoning case); Brogoto v. Wiggins, 458 S.W.2d 317, l.c. 319 (Mo.1970).

■ Although the administrative proceedings before the zoning authorities were not introduced as part of the record in the circuit court, the County's motion to dismiss in the trial court does set forth the facts which tend to explain why plaintiff has not followed·the statutory procedure of § 64.660, but has instead been forced to the alternative of a suit for declaratory judgment. The County's motion to dismiss, which is part of the record, states that following the Planning Commission's ruling of September 14, 1970, plaintiff made an application on November 11, 1970, for a change in zoning classification of its farm from agricultural to commercial use in order to allow confinement feeding. It was only after that application for zoning change had been denied that plaintiff attempted on May 11, 1971, to appeal the earlier ruling of September 14, 1970, regarding the status of the farm as being of nonconforming use. By the latter date, when plaintiff did attempt an appeal concerning the issue of nonconforming use, more than three months had passed so that the maximum time provided for the filing of a review under § 64.660 had already elapsed.

There is considerable doubt whether these facts can properly be considered since appropriate evidence in support is not contained in the transcript on appeal, nor even in the record of the court below.

Nevertheless, even if these facts were to be considered as being in the nature of admissions by the County, they would not constitute a sufficient basis upon which it could be held that the statutory method of review under § 64.660 was inadequate. Goldman v. Planning Board of Burlington, 347 Mass. 320, 197 N.E.2d 789 (1964) is precisely in point. In that case the court held that the principle applies "that in the absence of special circumstances it is improper to give declaratory relief where an administrative remedy was unavailable because it had not been pursued within the time prescribed."

The cause is remanded with directions to dismiss plaintiff's petition.

All concur.

SOMERVILLE, J., because not a member of court at time of hearing, did not participate.