STATE of Missouri ex rel. Robert G. STEWART, acting Supervisor of Liquor Control, Relator,

v.

The Honorable Daniel TILLMAN, Judge, Circuit Court of the City of St. Louis, Respondent.

No. 37564.

Missouri Court of Appeals, St. Louis District, Division Two.

Feb. 10, 1976.

John C. Danforth, Atty. Gen., Scott A. Raisher, Daniel P. Card, II, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, for relator.

Bussey, Collier & Dorsey, St. Louis, for respondent.

PER CURIAM:

Original action in prohibition. After an evidentiary hearing, the relator, Missouri Supervisor of Liquor Control, suspended licensee's liquor licenses for 45 days. Licensee appealed to the respondent, who issued a restraining order staying the enforcement of the relator's order. Relator brought this proceeding to prohibit the respondent judge from staying the suspension order. We make our provisional rule in prohibition absolute.

The pertinent facts: Lamandres Taylor, doing business as Tony's Shady Grove, held retail-by-the-drink and restaurant-bar liquor licenses. Pursuant to Sections 311.680 and 311.690, RSMo 1969, relator subsequently instituted proceedings to revoke the said licenses for alleged violations of Section 311.280, RSMo 1969. On August 11, 1975, the licensee was served written notice of the charges and of the hearing to be held before the supervisor on August 26, 1975. At the commencement of the hearing, the licensee requested a continuance on the ground that he was without counsel but the request was denied. The relator did grant the licensee ten days "to come forward with counsel and/or additional evidence," but the licensee did nothing.

Based on the testimony and evidence adduced at the hearing, the relator issued his order, dated October 10, 1975, suspending the liquor licenses issued to Lamandres Taylor for a period of 45 days, effective November 3, 1975. No application for review of this decision was filed with the relator within the fifteen days' time required by Section 311.700(2), RSMo 1969. On October 31, 1975 the licensee appealed to the Circuit Court of the City of St. Louis for review of the relator's order, and requested a restraining order staying the suspension of the liquor licenses pending a final decision by the court. On November 3, 1975 respondent issued ex parte a temporary restraining order staying the suspension of the license and enjoining relator from enforcing his suspension order. Relator, by his counsel, appeared before respondent on November 4, 1975 and moved to vacate the restraining order on the grounds that the court lacked jurisdiction over the subject matter and was without jurisdiction to issue an order staying the enforcement of the relator's suspension order. The respondent denied the relator's motion and this proceeding in prohibition followed.

The issues presented are (1) whether the Circuit Court had jurisdiction to enter a temporary restraining order staying the enforcement of the supervisor's order, and (2) whether the Circuit Court had jurisdiction to review the supervisor's order in absence of an application for review in compliance with Section 311.700, RSMo 1969.

The first issue was resolved in *State ex rel. Wiggins v. Hall*, 452 S.W.2d 106 (Mo.1970), an original action in prohibition, wherein the Supreme Court ruled that in the absence of statutory authority the Circuit Court has no jurisdiction to issue a restraining order against the Supervisor of Liquor Control. Applying that ruling, we find respondent was without jurisdiction to

enter an order staying the enforcement of relator's suspension order.

In dealing with the second issue, it must first be recognized that Lamandres Taylor, d/b/a Tony's Shady Grove, was granted liquor licenses under the provisions of the Liquor Control Law, Chapter 311, RSMo, V.A.M.S. The licensee "had no legal rights (including the right of appeal) except those granted him by the license issued to him and by the Liquor Control Law under which it issued." *Brogoto v. Wiggins*, 458 S.W.2d 317 (Mo.1970). Under these statutes the Supervisor of Liquor Control has the exclusive authority to determine the issuance of licenses for the retail sale of intoxicating liquor. Judicial review of the supervisor's decisions is provided by Section 311.700, adopted by the General Assembly in 1945. It provides, in pertinent portion, that:

"2. Any party to the proceedings who is aggrieved by any final decision, finding, rule or order of the supervisor may file with the supervisor of liquor control his application for a review within fifteen days after notice of such decision shall have been mailed to said party. Within ten days after receipt of such application for review, the supervisor shall transmit to the circuit court . . . a certified copy of the entire record of the proceedings under review . . . The reviewing court may affirm the decision of the supervisor or may reverse or modify it . . . ."

"That method of review is the sole and only remedy available to the licensee for review of the supervisor's order revoking his license. It is exclusive, mandatory, and jurisdictional." *Brogoto*, supra, at 318; *Kehr v. Garrett*, 512 S.W.2d 186 (Mo.App. 1974).

In the instant case, the licensee failed to apply for judicial review of the supervisor's order in the manner and time prescribed by Section 311.700(2). Noncompliance with the procedure required in this lucid and concise statute fails to vest the Circuit Court with the requisite jurisdiction over the subject matter.

For the reasons stated, we hold the Circuit Court acquired no jurisdiction to stay enforcement of the supervisor's suspension order or to review the order. Our provisional rule in prohibition is made absolute.

The conclusion reached makes it unnecessary to discuss other points raised by the licensee.

All the judges concur.