Juanita C. DORF, Plaintiff–Appellant,

v.

CONSOLIDATED SCHOOL DISTRICT NO. 4, et al., Defendants–Respondents.

No. 15029.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 12, 1987.

Charles R. Oldham, Anne V. Maloney, St. Louis, for plaintiff-appellant.

George J. Bude, Ziercher & Hocker, Clayton, for defendants-respondents.

FLANIGAN, Judge.

Plaintiff-appellant Juanita Dorf was a permanent teacher under the Teacher Tenure Act, §§ 168.102 to 168.130.[1] The Board of Education of Consolidated School District No. 4, Iron County, after evidentiary hearing, terminated her indefinite contract on June 5, 1986. On June 7, 1986, she was served with a copy of the decision of the board. On June 26, 1986, she filed her notice of appeal with the board of education.

On June 30, 1986, plaintiff filed, in the Circuit Court of Iron County, a document entitled "Petition for Judicial Review of Findings of Fact and Conclusions of Law of Board of Education of Consolidated School District No. 4." Named as defendants in the action were the school district and the individual members of the board of education.

Defendants filed a motion to dismiss the action on the ground that the appeal from the decision of the board of education to the circuit court was untimely because it was not taken within the 15–day period prescribed by § 168.120.1. The trial court sustained the motion and dismissed the action. Plaintiff Dorf appeals.

Plaintiff's sole point is that the trial court erred in dismissing the action because "[plaintiff's] petition was timely filed under § 536.110." Plaintiff concedes that she failed to comply with the 15–day time limit contained in § 168.120.1.

Plaintiff's brief makes the following argument:

"[Section 536.110] provides for judicial review of an administrative decision upon the filing of a petition for such in the circuit court of the appropriate county within thirty days of the mailing or delivery of the notice of the decision. [Plaintiff] filed her petition for review within thirty days of delivery of the decision in the Circuit Court for Iron County, the county in which the school district is located.

[Section 168.120] provides for appeal of a decision of a board of education to terminate a teacher's indefinite contract upon the filing of a notice of appeal with the board within fifteen (15) days after service of a copy of the decision.

These two statutes delineate alternative routes to pursue in seeking judicial review of a board of education's decision. The aggrieved teacher may file in the circuit court a petition for review within

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

thirty (30) days or may file a notice of appeal to the offending board within fifteen (15) days."

There is no merit to that argument.

Chapter 536 RSMo deals with Administrative Procedure and Review. Section 536.100 reads, in pertinent part:

"Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, *unless some other provision for judicial review is provided by statute. ...*" (Emphasis added.)

Section 536.110.1 reads:

"Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision."

The Teacher Tenure Act contains the following provisions which are applicable here.

Section 168.118(7) reads:

"The decision of the board of education resulting in ... the termination of an indefinite contract shall be by a majority vote of the members of the board of education and the decision shall be made within seven days after the transcript is furnished them. A written copy of the decision shall be furnished the teacher within three days thereafter." Section 168.120 reads, in pertinent part:

"1. The teacher shall have the right to appeal from the decision of the board of education to the circuit court of the county where the employing school district is located. The appeal *shall* be taken within *fifteen days* after service of a copy of the decision of the board of education upon the teacher, and if an appeal is not taken within the time, then the decision of the board of education shall become final.

2. *The appeal may be taken by filing notice of appeal with the board of education,* whereupon the board of education, under its certificate, shall forward to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and the decision of the board of education, which shall thereupon become the record of the cause. Such appeal shall be heard as provided in chapter 536, RSMo." (Emphasis added.)

In *Brogoto v. Wiggins,* 458 S.W.2d 317 (Mo.1970), the Supervisor of Liquor Control entered an order revoking a liquor license. Seeking relief from the order, the licensee filed a petition for review in the Circuit Court of Jackson County. Section 311.700 provided a special statutory procedure for review of such orders. Under the latter statute a party aggrieved by such an order was permitted to file an application for review "with the Supervisor of Liquor Control." The supreme court said, at 319: "Section 536.110 RSMo 1949, V.A.M.S. of the Administrative Procedure and Review Act does not apply to agencies which have their own separate review provision set up in their own special statutes. This Act was never intended to be a complete or adequate statute for administrative review of procedure." [2]

The supreme court held, at p. 318–319, that the method of review prescribed by § 311.700 was "the sole and only remedy available to the licensee for review of the supervisor's order revoking his license. It is exclusive, mandatory, and jurisdictional." The court also held that the petition filed in the circuit court "under the general provisions of the Administrative Review Act, Chapter 536," was a nullity and conferred no jurisdiction on the circuit court to conduct such a review.

The court said that the legislative intent was demonstrated by the language in § 536.100 excluding judicial review in Chapter 536 where "some other provision

---

**2.** To similar effect see *State ex rel. Ballard v. Luten,* 555 S.W.2d 855, 858[3] (Mo.App.1977); *Ackerman v. City of Creve Coeur,* 553 S.W.2d 490, 492[2] (Mo.App.1977); *American Hog Company v. County of Clinton,* 495 S.W.2d 123, 127[7] (Mo.App.1973).

for judicial review is provided by statute." The court also pointed out that former Rule 100.03, "in providing for judicial review under the rule, excepts persons for whom 'some other provision for judicial review is provided by statute.'"[3]

In *Jackson v. Board of Directors, etc.,* 621 S.W.2d 97 (Mo.App.1981), Jackson, a permanent teacher whose indefinite contract had been terminated by a school board, timely filed a notice of appeal with the school board as provided in § 168.120.2. The board then complied with § 168.120.2 by certifying and forwarding to the circuit court the items enumerated in § 168.120.2 which became "the record of the cause." The circuit court affirmed the order of termination and Jackson appealed.

The board, as respondents in the court of appeals, argued that the last sentence of § 168.120.2 required Jackson to file a petition for review under § 536.110 with the circuit court and that her failure to do so deprived the circuit court and the court of appeals of jurisdiction to hear the appeal.

Relying on *Brogoto,* the court of appeals rejected the board's argument. At p. 99 the court said:

"While the situation here is the reverse of *Brogoto,* the law stated in *Brogoto* controls. Here, Jackson properly followed § 168.120.2 by filing her notice of appeal with the Board of Education. It was then incumbent on the Board to certify all of the documents, papers and transcript of evidence to the circuit court, which it did. *Had Jackson followed the course now urged by the Board by filing the petition for review under § 536.110 in the circuit court, such action would have conferred no jurisdiction on that court under Brogoto.* Jackson properly followed the procedure set out in § 168.120.2 and the circuit court had jurisdiction to hear the appeal." (Emphasis added.)

Under the foregoing authorities, in order to perfect her appeal from the decision of the board, it was incumbent upon plaintiff Dorf to comply with § 168.120.1 and § 168.120.2. It was necessary that she file a notice of appeal with the board within 15 days after service upon her of a copy of the decision of the board. She did not do so. In the language of *Brogoto,* supra, the remedy of appeal afforded her under § 168.120 was "exclusive, mandatory and jurisdictional." Section 536.110 has no application to her appeal from the decision of the board. The trial court properly sustained defendants' motion to dismiss.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.

---

**3.** Rule 100.01 reads:

"The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review."