STATE ex rel. Virgil C. ZIMMERMAN, d/b/a
Rendezvous Tap Room, Appellant,

v.

Glennon T. MORAN, Supervisor of Liquor
Control, State of Missouri,
Respondent.

No. 53504.

Supreme Court of Missouri,
Division No. 2.

April 14, 1969.

Dewey S. Godfrey, Jr., St. Louis, for appellant.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

■ This is an appeal from the Circuit Court of the County of St. Louis which affirmed the revocation of the appellant's liquor license by the Supervisor of Liquor Control. By virtue of the supervisor, respondent, being a state officer, jurisdiction is vested in this court. Article V, Section 3, Constitution of Missouri, 1945, V.A.M.S.; Pinzino v. Supervisor of Liquor Control, Mo., 334 S.W.2d 20 [1].

Appellant, licensed for the sale of intoxicating liquor "by the drink," operated an establishment known as the Rendezvous Tap Room at 3274 Ivanhoe Avenue in St. Louis, Missouri. The supervisor initiated a hearing to determine if such license should be suspended or revoked because of alleged sales to minors in violation of Section 311.310, RSMo 1959, V.A.M.S. (All references are to this statutory revision.) Both appellant and his attorney appeared and participated in the full evidentiary hearing that followed. Soon thereafter, the supervisor served a copy of his "decision or order" upon appellant. It provided for the immediate revocation of the license in question. Section 311.680. Appellant within due time filed his "application for review" with the supervisor, and a certified copy of the proceedings held before the supervisor was transmitted to the trial court. Section 311.700. That court affirmed the decision of the supervisor.

Appellant submits only one narrow issue for our review. The "order" of revocation served on him did not include, nor was it accompanied by, the findings of fact and conclusions of law made by the supervisor. Appellant suggests this fact makes the entire proceeding a nullity and then "expressly waives all other points preserved for appeal." He relies on Section 536.090, pertaining to general administrative procedure, and which provides: "Every decision and order in a contested case shall be in writing, and, except in default cases or cases disposed of by stipulation, consent order or agreed settlement, the decision, including orders refusing licenses, shall include or be accompanied by findings of fact and conclusions of law. The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order. Immediately upon deciding any contested case the agency shall give written notice of its decision by delivering or mailing such notice to each party, or his attorney of record, and shall upon request furnish him with a copy of the decision, order and findings of fact and conclusions of law." As amended Laws 1957, p. 748, § 1 (§ 536.086).

 As the state suggests, the wording of this section makes it debatable whether "findings of fact and conclusions of law" must be served with the original notice or only upon request. The first sentence provides that the decision shall include or be accompanied by such findings and conclusions, but the last sentence of this section, in the first instance, only provides that interested parties be given a "*notice* of its [the agency] decision." This sentence then provides that "upon request" a copy of the decision, with the required findings of fact and conclusions of law, shall be provided. If the last provision is to be given any logical meaning, the section must be construed to mean that after notice is received by an interested party of the decision (meaning the conclusion therein reached), such party may then request a copy of the full written decision with its mandatory findings and conclusions.

In addition, we find the "Liquor Control Law," Chapter 311, has its own specific provision for giving notice of the supervisor's decisions, and it would necessarily be controlling. State v. Saitz, Mo., 425 S.W.2d 96, 100. It provides in Section 311.700: "1. All final decisions, findings, rules, and orders of the supervisor of liquor control adverse to a party to the proceedings shall be in writing. Parties to the proceedings shall be notified of the decision of the supervisor by mail." As readily seen, this section does not affect the conclusion reached while considering the general provisions for notice found in Section 536.090. Finding no requirement contrary to the procedure followed, we find that the supervisor, respondent, has fully complied with his duties as provided by statute.

The judgment is affirmed.

All of the Judges concur.