David K. BROWN, Plaintiff-Appellant,

v.

Alfred H. ALBERDA et al.,
Defendants-Respondents.

No. 39741.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 27, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1979.

Application to Transfer Denied
May 17, 1979.

David M. Johnson, Hayes & Heisler, Clayton, for plaintiff-appellant.

W. Scott Pollard, Florissant, for defendants-respondents.

REINHARD, Presiding Judge.

Appellant David K. Brown appeals from an order of the circuit court affirming the action of the City of Dellwood Board of Alderman dismissing appellant from his position as a police officer in the City of Dellwood.

On Thursday, September 2, 1976, Lieutenant Cenatiempo of the Dellwood Police Department authorized a change in the work schedule for the police department, the effect of said change being to take Officer Brown off his regular shift and place him on the 11:00 p. m. to 7:00 a. m. shift for the three week period beginning September 6. Because Officer Brown was off duty until Saturday, Lieutenant Cenatiempo left a note in appellant's disbursement basket after failing to reach him at home.

For a variety of reasons, and despite several attempts by Officer Brown, Officer Brown and Lt. Cenatiempo failed to talk directly to each other until the following Monday. However, on Saturday, September 4, upon learning from a Sergeant Ames that appellant was displeased, the lieutenant had left word that appellant was not to contact the Chief of Police until he had contacted the lieutenant first. On Sunday, September 5, Officer Brown had left a note at the lieutenant's home which criticized the schedule change and included the following language:

> I think that you are giving me the biggest runaround and that if you don't have the nerve to see me in person you are not much of a leader and you deserve no respect from me. If you wonder why we have problems with the morale and the operation of the department your actions in matters such as this are one good reason.

The letter closed with a request for a meeting with Lieutenant Cenatiempo and the Chief of Police.

At approximately 12:15 p. m. on Monday, Officer Brown took his case to the streets, setting up an informational picket in front of City Hall. Lt. Cenatiempo asked appellant to come into his office, and during an informal meeting there, appellant called the lieutenant a liar. Appellant returned to his picketing while Lt. Cenatiempo informed Police Chief Alberda of the situation. A meeting was arranged which appellant, Lt. Cenatiempo, Police Chief Alberda and Dellwood Alderman Edward Kiely attended. At the meeting, both appellant and Lt. Cenatiempo gave their views of the situation. After an exchange between appellant and Chief Alberda in which the former claimed violation of his constitutional rights, Chief Alberda informed appellant that he was fired and suspended from the department.

On September 12, 1976, a hearing was held before the Mayor of Dellwood and the Board of Alderman. Lt. Cenatiempo and Chief Alberda testified, and the City presented a letter from appellant's personnel file showing that appellant was on probation at the time of the incident. After the hearing, the Board, following the recommendation of the Chief of Police, termi-

nated appellant's position with the police department. No findings of fact were prepared at this time.

On October 5, 1976, appellant filed a petition for review of the Board's decision pursuant to § 536.110 RSMo 1969, alleging that his dismissal resulted from his picketing, that his informational picketing had sought only to protest the improper denial of access to departmental grievance procedure, and that said dismissal was capricious, arbitrary, unauthorized by law, an abuse of discretion, and in violation of 1st, 9th and 14th Amendments to the United States Constitution and Article I, §§ 2, 8 and 10 of the Missouri Constitution. On November 24, 1976, the City of Dellwood filed findings of fact and conclusions of law with the circuit court. The evidence shows that the Board of Alderman did not discuss or prepare the findings and conclusions until November 22, 1976. Appellant filed a motion to strike the findings of fact and conclusions of law, because they were not prepared in accordance with § 536.090. The court denied the motion and, on June 13, 1977, upheld the action of the Board.

■ Because the late findings were not prepared with the Board's decision, the court should have granted appellant's motion to strike and remanded the case to the Board of Alderman. See *Stephen and Stephen Properties, Inc. v. State Tax Commission*, 499 S.W.2d 798 (Mo.1973); *Meadowbrook Country Club v. State Tax Commission*, 538 S.W.2d 310 (Mo.1976).

However, where the circuit court considers the late findings of fact and conclusions of law, as was done here, *Missouri U. Meth. Retirement Homes v. State Tax Commission*, 522 S.W.2d 745 (Mo.1975), is authority for an appellate court's refusal to reverse and remand. The court gave the following rationale at page 748:

The parties have briefed this case to this court on its merits, and . . . no material prejudice to any party resulted from the failure of the Commission to file timely its findings of fact and conclusions of law. Also, it would be a useless and time consuming act for the Commission now to rewrite its "Decision" and attach to it a copy of the findings and conclusions previously made and file them with the Circuit Court of Lawrence County, and for the parties to again present their case to the circuit court. . . .

As in *Missouri U. Meth. Retire. Homes*, we exercise our discretion and rule on the merits.

■ Appellant contends that he was discharged because of his picketing, contending that he had a right to picket and any interference with that right was contrary "to the freedom of speech provisions of the United States Constitution." It is true that the Chief of Police testified that he told the appellant that because he was a police officer he had "no civil rights," a highly unusual position for an officer of the law to take. It is obvious that the Chief was incensed by the picketing, but the power to discharge was that of the Board of Alderman and not the Chief. It is its action that we review. Our role is not to substitute our judgment for that of the Board but rather to determine whether the Board's decision and findings were supported by competent and substantial evidence on the whole record. *Lindsey v. Taylor*, 541 S.W.2d 38, 39 (Mo.App.1976).

■ The Board found that appellant's conduct in stating in his letter to Lt. Cenatiempo that the lieutenant was not much of a leader and deserved no respect and also in calling the lieutenant a liar amounted to disrespect to a superior officer, insubordination and conduct unbecoming a police officer. This finding was amply supported by the evidence, and when coupled with the evidence of appellant's probationary status at the time of the incident, provided sufficient grounds to justify the termination by the Board of Alderman. See *Vorbeck v. McNeal*, 560 S.W.2d 245, 253 (Mo.App.1977). There was no mention in the findings that the picketing was a basis for discharge.

As to the reference to picketing in the circuit court's opinion affirming the Board, we note two considerations. First these remarks were expressly made "in passing" and were not stated by the circuit court as part of the basis for upholding the Board, especially in light of the Board's failure to

cite the picketing as a basis for dismissal. Secondly, even were the circuit court to have based its affirmance in part on the fact of appellant's picketing before he talked with Alberda and Cenatiempo, the findings of the Board did not state such picketing to be grounds for its action. Therefore, at worst, the circuit court properly affirmed but for the wrong reasons. In such a circumstance, we may still affirm. Presented with the same record as the circuit court, we find substantial and competent evidence in the whole record to support the findings and decisions of the agency.

■ In conclusion, we again note that findings of fact and conclusions of law should be prepared at the time the administrative agency makes its decision, not at some later time when prompted by a petition for review. Therefore, we hold the effective date of appellant's discharge to have been November 24, 1976, the date on which the findings of fact were filed with the court.

Affirmed.

CLEMENS and GUNN, JJ., concur.