**Easter Mae HUGHES,
Plaintiff-Appellant,**

v.

**BOARD OF EDUCATION, CHARLES-
TON REORGANIZED SCHOOL DIS-
TRICT NO. 1, Charleston, Missouri, De-
fendant-Respondent.**

**No. 11294.**

Missouri Court of Appeals,
Southern District,
Division Three.

May 12, 1980.

Forriss D. Elliott, St. Louis, for plaintiff-appellant.

Jeffrey C. Vaughan, Charleston, for defendant-respondent.

GREENE, Judge.

This is an appeal from the judgment of the trial court which upheld the decision of respondent Charleston Reorganized School District No. 1 to terminate the employment of appellant Easter Mae Hughes. Mrs. Hughes was a tenured teacher, and had taught in the district school system for 18 years. She had a bachelor's degree in education and had completed 25 hours of graduate study.

On April 18, 1978, Mrs. Hughes received a warning letter from the district superintendent, as is required by § 168.116.2, RSMo 1978, V.A.M.S.[1] The letter accused her of incompetency and inefficiency in her evaluation and correction of class English papers, and complained that she did not make oral presentations prior to written assignments. On May 25, 1978, Mrs. Hughes received a second letter from the superintendent, which stated that although she had shown some improvement in the area of oral presentations prior to written assignments, her grammatical weaknesses, including spelling, were such that the administration intended to recommend to the school board that her contract be terminated. The letter informed Mrs. Hughes of her right to a hearing on the charges if she so desired. Mrs. Hughes contested the charges, and requested a hearing, which was held on June 21–22, and June 27–28, 1978.

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

On July 12, 1978, Mrs. Hughes received a letter from the school administration that reads as follows:

"Dear Mrs. Hughes: Although the Board of Education informed you in person immediately after its meeting last evening of its decision to terminate your contract as a teacher, this is your written notification that on July 11, 1978, the Board of Education of the Charleston R–I School District voted and determined that your contract as a tenured teacher with the Charleston R–I School District is hereby terminated.

If you have any questions concerning your legal rights as a result of this decision to terminate your contract, you should consult competent counsel.

Yours very truly,

Reorganized School District No. I

H. Terry Roe"

This letter was not accompanied by any findings of fact and conclusions of law which supported the school board's decision to terminate Mrs. Hughes' contract and did not give any reason whatsoever for the decision.

Mrs. Hughes then notified the board of her intention to appeal the board's decision to the Circuit Court of Mississippi County. She filed a pleading in the trial court, as a petition for judicial review, which requested, among other things, that the trial court order the school board to file findings of fact and conclusions of law in support of its decision to terminate Mrs. Hughes' contract, and to allow her counsel a reasonable time thereafter to file an amended petition for judicial review. There is nothing in the record to indicate that the trial court acted upon her request. At any rate, no findings of fact or conclusions of law were ever filed. On October 25, 1978, the matter was presented to the trial court on the transcript of the board hearings and argument of counsel. There is nothing in the record to indicate what those arguments were. On December 29, 1978, the trial court denied the petition for judicial review and dismissed the appeal, which action affirmed the decision of the board. This appeal followed. We reverse and remand.

On appeal, Mrs. Hughes asserts, among other things, that the trial court erred in failing to order the board of education to file findings of fact and conclusions of law in support of its decision to terminate Mrs. Hughes' teaching contract, and in failing to find that the board abused its discretion in failing to produce, at Mrs. Hughes' request, the personnel records of the administration's evaluation of other teachers in the system, which were conducted during the seven years that Mrs. Hughes had been assigned to the elementary school.

The procedure for terminating the contract of a permanent teacher is specified in detail in §§ 168.114, 168.116, 168.118, and 168.120. Section 168.114 lists the grounds for termination, 168.116 provides, among other things, that charges against a permanent teacher must be in writing, and that she is to be given notice of the hearing date, together with a copy of the charges, 168.118 outlines termination hearing procedure, and 168.120 outlines the appeal procedure. Subsection 2 of 168.120 provides that: "The appeal may be taken by filing notice of appeal with the board of education, whereupon the board of education, under its certificate, shall forward to the court all documents and papers on file in the matter, together was a transcript of the evidence, the findings and the decision of the board of education, which shall thereupon become the record of the cause. Such appeal shall be heard as provided in chapter 536, RSMo." Chapter 536 is the Administrative Procedure and Review Act. Section 536.090 provides that "Every decision and order in a contested case shall be in writing, and, except in default cases or cases disposed of by stipulation, consent order or agreed settlement, the decision, including orders refusing licenses, shall include or be accompanied by findings of fact and conclusions of law. The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order. . . ."

The statutory language of § 168.-120.2 and § 536.090 is clear. Findings of

fact and conclusions of law in support of the school board's decision to terminate Mrs. Hughes' contract were mandated by law. *Sandbothe v. City of Olivette et al,* No. 41645 (E.D. Mo.App. filed April 15, 1980). None were filed. One reason for requiring such findings and conclusions is so that the aggrieved party will have access to material on which to base an intelligent appeal. *Stephen & Stephen Properties, Inc. v. State Tax Com'n,* 499 S.W.2d 798, 805 (Mo.1973). Mrs. Hughes requested findings of fact and conclusions of law, but none were forthcoming. The board's failure to file findings of fact and conclusions of law in support of its decision to terminate Mrs. Hughes' contract was reversible error. *Stewart v. Bd. of Ed. of Ritenour Consol. Sch.,* 538 S.W.2d 765, 766 (Mo.App.1976).

Since the case must be reversed and remanded, we remind that the board may not put the cart before the horse by making belated findings of fact and conclusions of law to support its earlier decision. *Stephen & Stephen Properties, Inc. v. State Tax Com'n, supra,* at p. 804.

The judgment of the trial court is reversed. The decision of the school board to terminate Mrs. Hughes' contract is set aside and the cause is remanded to the trial court with directions to remand the cause to the board of education with directions to reopen the hearing to permit Mrs. Hughes to have a subpoena duces tecum issued for the teacher evaluation reports that she requested, to hear additional evidence on the discrimination issue, if appropriate, and to make findings of fact and conclusions of law supporting any subsequent decision that the board may make in this case.[2]

All concur.

---

2. See *Merideth v. Board of Ed. of Rockwood R-6 Sch. Dist.,* 513 S.W.2d 740 (Mo.App.1974) for comprehensive findings in a tenured teacher discharge case.