**Christy MOESCH, Appellant,**

v.

**MONITEAU COUNTY R–1 SCHOOL DISTRICT BOARD OF EDUCATION, Respondent.**

**No. WD 68776.**

Missouri Court of Appeals, Western District.

July 22, 2008.

David J. Moen, Esq., Jefferson City, MO, for Appellant.

Duane A. Martin, Esq., Kansas City, MO, for Respondent.

Before PAUL M. SPINDEN, P.J., JAMES E. WELSH, and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

### I. Introduction

Appellant Christy Moesch was a tenured teacher employed by the Moniteau County R–1 School District. In February 2007,

Moesch was served with a statement of charges, which alleged that she had engaged in misconduct in violation of school board policy and regulations. Pursuant to the Missouri Administrative Procedure Act ("MAPA") § 536.100, RSMo,[1] a hearing on those charges was conducted on March 1, 2007, before Respondent Board of Education of the Moniteau R–1 School District ("Board"). On March 2, 2007, the day after the hearing, counsel for Moesch received a faxed letter from Duane A. Martin, counsel for the Board, notifying Moesch of her termination. The Board's "Findings of Fact, Conclusions of Law, and Decision" were signed by the Board's President on March 21, 2007. On April 3, 2007, Moesch filed her Notice of Appeal with the Board.

The Board filed a motion to dismiss the action for lack of jurisdiction, arguing that Moesch's appeal from the decision of the Board was untimely because it was not filed within fifteen days of her receipt of the Board's decision as required by § 168.120.1, measured from March 2, 2007, the date of its counsel's letter. The trial court sustained the motion and entered its Judgment of Dismissal on August 10, 2007. Moesch appeals.

For the reasons set forth below, we reverse and remand.[2]

## II. Analysis

To resolve this appeal, we must decide whether the March 2 letter from the Board's counsel or instead the "Findings of Fact, Conclusions of Law, and Decision" signed by the Board's President on March 21 constitute the Board's "decision" (and thus began the clock running on Moesch's right to appeal). Her appeal was timely filed if the March 21 document is the Board's "decision," but it was untimely if the Board's "decision" was embodied in its counsel's March 2 letter.

Section 168.120.1 of Teacher Tenure Act[3] provides:

> The teacher shall have the right to appeal from the decision of the board of education to the circuit court of the county where the employing school district is located. The appeal shall be taken within fifteen days after service of *a copy of the decision* of the board of education upon the teacher....

§ 168.120.1 (emphasis added).

The Board argues that the March 2 letter from its counsel, which notified Moesch of its decision to terminate her, triggered the fifteen-day appeal period. We disagree.

In its entirety, the March 2 letter states:

> This letter is to *notify you* of the unanimous decision of the Board of Education of the Moniteau R–1 School District to terminate Christy Moesch's employment with the District effective immediately. *The Board of Edu-*

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.

**2.** On April 4, 2007, Moesch also filed a civil action seeking judicial review of the Board's decision in the Circuit Court of Moniteau County. Moesch's direct filing of a lawsuit in circuit court was unnecessary, and arguably ineffective: the Teacher Tenure Act specifies that an "appeal may be taken by filing notice of appeal with the board of education." § 168.120.2. The procedures specified in § 168.120.2 for obtaining judicial review, rather than MAPA's more general provisions, are " 'exclusive, mandatory and jurisdictional.' " *Dorf v. Consol. Sch. Dist. No. 4*, 739 S.W.2d 751, 753 (Mo.App. S.D.1987) (citation omitted; affirming dismissal of terminated teacher's judicial review petition filed directly in circuit court). Given that Moesch also filed what we deem to be a timely notice of appeal with the Board, however, we need not address this issue further.

**3.** The Teacher Tenure Act is found at RSMo §§ 168.102 through 168.130.

*cation's findings of fact and conclusions of law will be forwarded to you upon signature.*

(Emphasis added.) The March 2 letter specifically states that it is a *notification* of the result the Board had reached; the letter was thus not itself the Board's "decision," but at most merely notice of it.[4]

The 12–page document entitled "Findings of Fact, Conclusions of Law, *and Decision*" was not signed by the Board's President until March 21, 2007. Besides the statement in its title denominating this document as the Board's "Decision," the March 21 document contains a section headed "Decision" which actually contains the Board's order that Moesch be terminated.[5] Thus, the Board effectively admitted that its "decision" is the document that was signed on March 21, 2007, by labeling it as such.

In addition, the March 2, 2007 letter from the Board's counsel promised that findings of fact and conclusions of law would be forwarded to Moesch "upon signature," indicating that they were not yet signed or finalized. As set forth above, § 168.120.1 states that an "appeal shall be

taken within fifteen days after service of a copy of the decision of the board of education upon the teacher." RSMo § 168.120.1. "Decision" is not defined by the Teacher Tenure Act. However, § 536.090 requires that "[e]very decision or order in a contested case ... *shall include or be accompanied by* findings of fact and conclusions of law." (Emphasis added.)[6] As to this provision, the Missouri Supreme Court has stated:

> The fact that an administrative agency is not required to serve its findings with its notice of decision, as held in *State ex rel. Zimmerman v. Moran,* 439 S.W.2d 503, 504 (Mo.1969), does not mean that the agency can postpone making those findings until forced to do so by receiving notice of filing of petition for review. An agency's determination of findings is not a separate function from its decision in a case. *The agency's findings of fact and conclusions of law are an essential part of and are the basis for its decision. The two cannot be separated,* nor can the agency put the cart before the horse, as was done in this case, by making a decision and then later making findings

---

4. Throughout its brief, the Board concedes as much, stating, for instance, that "Appellant received *a written notice* of the decision on March 2, 2007." (Emphasis added.) The Board nevertheless goes on to argue that Appellant failed to file a notice of appeal "within fifteen days *after service of the Board's decision*" (emphasis added), as if written notice of the decision, and service of a copy of the decision itself, were one and the same. As discussed *infra*, the distinction between notice of a decision, on the one hand, and service of the decision, on the other, is critical to resolution of this appeal.

5. While the "Decision" section states that "[t]his decision was previously communicated to Ms. Moesch, through counsel, on March 2, 2007," that statement does not answer the question as to when Ms. Moesch was served with "a copy of the decision" on March 2 so

as to trigger the 15–day appeal period under § 168.120.1.

6. Neither party disputes the application of § 536.090 in this case. *See Hughes v. Bd. of Educ., Charleston Reorganized Sch. Dist. No. 1,* 599 S.W.2d 254, 255–56 (Mo.App. S.D. 1980) (reversing teacher termination unaccompanied by findings of fact and conclusions of law, since under § 536.090, "[f]indings of fact and conclusions of law in support of the school board's decision to terminate [a permanent teacher's] contract were mandated by law"); *Stewart v. Bd. of Educ. of Ritenour Consol. Sch. Dist.,* 538 S.W.2d 765, 766 (Mo. App.1976) (reversing teacher termination based on Board's failure to issue findings of fact and conclusions of law; § 536.090 "requires that findings of fact and conclusions of law be filed with the decision of the agency").

of fact and conclusions of law which will support that decision.

*Stephen & Stephen Props., Inc. v. State Tax Comm'n,* 499 S.W.2d 798, 804 (Mo. 1973) (emphasis added). *Stephen & Stephen* noted that the important policy considerations "which are sought to be achieved by the findings requirement are defeated, unless an administrative agency is required to make its findings of fact and conclusions of law *as a part of reaching a decision on the merits and at the time thereof.*" *Id.* at 805 (emphasis added).

Here, the Board's "Findings of Fact, Conclusions of Law, and Decision" were not signed until March 21, 2007, well after the March 2, 2007 letter the Board argues constituted both notice of its decision, and the "decision" itself. Given the dates of the two documents, it is apparent that the March 2 letter neither "included" nor was "accompanied by" findings of fact or conclusions of law, nor were the findings made at the time, as required by § 536.090. Indeed, the March 2 letter itself acknowledges that the Board had not yet signed— and thus had presumably not yet adopted—the findings and conclusions. The Board's contention that its one-paragraph notification letter constituted "service of a copy of the decision" triggering § 168.120.1's fifteen-day appeal period, when its findings and conclusions were not formally adopted until 19 days later, cannot be squared with the reading placed on § 536.090 in *Stephen & Stephen. See Hughes v. Bd. of Educ., Charleston Reorg. Sch. Dist. No. 1,* 599 S.W.2d 254, 256 (Mo. App. S.D.1980) (in proceeding governed by Teacher Tenure Act, citing *Stephen & Stephen* for the proposition that "the board may not put the cart before the horse by

making belated findings of fact and conclusions of law to support its decision").

The Board's argument confuses the "result" it reached with its "decision." As § 536.090 makes clear, the "result" of an agency's decisionmaking process in a contested case does not become a "decision" in the legal sense until it is finalized and explained in findings of fact and conclusions of law. Such findings and conclusions are essential to enable the judiciary to conduct meaningful review.[7]

We also consider it significant that the relevant language of the Teacher Tenure Act's appeal provisions differs in a significant respect from the generally applicable provisions governing judicial review under MAPA. The Teacher Tenure Act specifies that "[a] written *copy of the decision* shall be furnished the teacher within three days" following the board's vote on a teacher demotion or termination, § 168.118(7) (emphasis added), and § 168.120.1 provides that the appeal period begins to run upon "service of *a copy of the decision.*" (Emphasis added.) By contrast, under MAPA an agency is merely required to "give written *notice of its decision*" "[i]mmediately upon deciding any contested case," § 536.090 (emphasis added), and an aggrieved party is required to institute a judicial review proceeding in the circuit court "within thirty days after the mailing or delivery of the *notice of the agency's final decision.*" § 536.110.1 (emphasis added). Unlike the Teacher Tenure Act, under MAPA an agency is only required to "furnish [a party] with a copy of the decision" "upon request." § 536.090. As discussed *supra* note 2, the specific appeal procedures of the Teacher Tenure Act govern here, and therefore service of "a copy of the decision"—rather than

---

**7.** Notably, *if* Moesch had appealed following receipt of the March 2 letter and no findings and conclusions were issued, this would have

required reversal under the decisions cited *supra* note 6.

merely "notice of the agency's final decision"—was required to trigger the Teacher Tenure Act's appeal period. We ascribe significance to the materially different wording of the review provisions of the Teacher Tenure Act and MAPA. *Cf. Jantz v. Brewer*, 30 S.W.3d 915, 918 (Mo.App. S.D.2000) ("the legislature is presumed ... to act intentionally when it includes language in one section of a statute but omits it from another"). Thus, even if we were to assume (contrary to the discussion above) that the Board had *reached* an effective "decision" on March 2, Moesch's time to appeal would not have begun until she was *served with a copy* of that decision; mere *notice* was insufficient.

We note that, in *Willis v. School District of Kansas City*, 606 S.W.2d 189 (Mo.App. W.D.1980), this Court held that a trial court had discretion to receive late-filed findings of fact and conclusions of law in an appeal subject to the Teacher Tenure Act, at least where a terminated teacher "cannot now be heard to complain that he was in any manner prejudiced" by the belated preparation and filing of the findings and conclusions. *Id.* at 195; *see also Willey v. Cass County*, 689 S.W.2d 654, 657 (Mo.App. W.D.1985). Such decisions do not address the issue before us, however: whether notice of the outcome of a disciplinary proceeding unaccompanied by (and predating the adoption of) findings of fact and conclusions of law can be effective to trigger the appeal period under § 168.120.1, and thereby deny a dismissed teacher judicial review of her employer's termination decision.

We emphasize that the issue here is not whether Moesch was entitled to be *served* with a copy of the Board's findings of fact and conclusions of law. Neither the Teacher Tenure Act nor MAPA require that (although a copy of the Board's findings and conclusions must be furnished upon request under § 536.090). *State ex rel. Zimmerman v. Moran*, 439 S.W.2d 503, 504 (Mo.1969). Instead, Moesch was entitled under §§ 168.118(7) and 168.120.1 to be served with "a copy of the [Board's] decision," and—under § 536.090 as interpreted in *Stephen & Stephen*—the Board's "decision" could only be issued when it "include[d] or [was] accompanied by" findings of fact and conclusions of law made contemporaneously, whether those findings and conclusions were themselves required to be served upon Moesch or not.

In sum, we find that Moesch's counsel's receipt of the March 2 letter at most constituted *notice* of the Board's result, but did not furnish her with "a copy of the decision" so as to trigger the fifteen-day time limit for the filing of her notice of appeal. Instead, service of the document dated March 21, 2007, which was specifically entitled "Findings of Fact, Conclusions of Law, and Decision," started the fifteen-day time clock. Because the parties do not dispute that Moesch's Notice of Appeal was filed within fifteen days of the issuance of the Board's "Findings of Fact, Conclusions of Law, and Decision," her appeal was timely and should not have been dismissed.

### III. Conclusion

The judgment is reversed, and the case remanded for further proceedings consistent with this opinion.

All concur.