James M. MADDEN, Petitioner–
Appellant,

v.

POPLAR BLUFF R–1 SCHOOL
DISTRICT, Respondent–
Respondent.

No. SD 32019.

Missouri Court of Appeals,
Southern District,
Division Two.

May 16, 2013.

Devin Kirby of Doniphan, MO, for appellant.

Natalie A. Hoernschemeyer of St. Louis, MO, for respondent.

**JEFFREY W. BATES, J.**

James Madden (Appellant) was employed as a tenured high school teacher by the Poplar Bluff R–1 School District (the School District). Pursuant to the procedures set out in § 168.118 of the Teacher Tenure Act, a hearing was conducted by the Poplar Bluff Board of Education (the Board).[1] Thereafter, five members of the Board voted to terminate Appellant's indefinite teaching contract. He filed a petition for review with the trial court, which affirmed the Board's decision.[2]

Appellant presents two points for us to decide. First, he contends the trial court abused its discretion by denying Appellant's request to present additional evidence concerning alleged procedural irregularities in the Board's hearing and decision-making process. He argues that two of the five board members who voted in favor of termination did not hear all of the evidence or read the transcript prior to voting. Second, Appellant contends the Board failed to follow applicable statutory procedures. Appellant argues that: (1) two board members who voted in favor of termination did not hear all of the evidence or read the transcript; and (2) the Board's findings of fact and conclusions of law were not properly executed. Finding no merit in these arguments, we affirm the judgment of the trial court.

Appellant does not challenge the substance of the Board's factual findings re-

---

1. All statutory references are to RSMo (2000) unless otherwise specified. The Teacher Tenure Act is contained in § 168.102 through § 168.130. *Moesch v. Moniteau County R–1 School District Board of Education,* 257 S.W.3d 661, 662 n. 3 (Mo.App.2008).

2. We note that a petition for review was not the proper procedural mechanism for challenging the Board's termination decision. *See, e.g.,* § 168.120.2 (requiring that an appeal be taken by filing a notice of appeal with the board of education); *Moesch,* 257 S.W.3d at 662 n. 2; *Dorf v. Consolidated School Dist. No. 4,* 739 S.W.2d 751, 753 (Mo.App.1987). This issue, however, was not raised below. As the circuit court had subject matter and personal jurisdiction over the litigants, this procedural error warrants no further discussion. *See J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 254–55 (Mo. banc 2009); *Evans v. Empire Dist. Elec. Co.,* 346 S.W.3d 313, 317 (Mo.App.2011).

lating to the termination. Therefore, we recite only the facts necessary to the resolution of Appellant's two points.

On May 13, 2011, Appellant received a "STATEMENT OF CHARGES" issued pursuant to § 168.116, and signed by the school's superintendent. The charges alleged that Appellant was incompetent as a teacher and failed to comply with the School District's policies and the Board's directives.

The Board scheduled a public hearing on the matter for June 13, 2011. Appellant was present and represented by counsel during the hearing. The hearing was recorded and transcribed by a court reporter. The Board was comprised of seven members. According to the transcript, Board members Price, Billington, Brown, Robertson, Simmons and Riffle, the Board President, were present when the hearing commenced. Board member Sells was absent. Riffle announced that he was not able to stay, and the court reporter noted in the transcript that Riffle left the hearing. The court reporter also noted in the transcript that Smith, the Board Secretary, was excused and left the hearing. The remaining five Board members constituted a quorum for the transaction of business. See § 162.301.3 RSMo Cum.Supp. (2010). The court reporter did not note the absence of any other Board member during any part of the hearing. Neither does the transcript contain any objection by Appellant about any Board member leaving the hearing while evidence was being presented. Both Appellant and the School District were given ample opportunity to present evidence and call witnesses during the ten and one-half hour hearing.

The Board's minutes reflect that a meeting was held on June 29, 2011, at which Appellant's termination was discussed in closed session. Board members Riffle, Price, Robertson, Simmons and Brown voted to terminate Appellant's employment with the School District. A document entitled "FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION" was signed by Board President Riffle. In relevant part, the initial paragraph of this document stated:

> On Monday, June 13, 2011, the Poplar Bluff R–1 School District Board of Education convened a hearing regarding the employment of [Appellant]. [Appellant] was present at the hearing, and was represented by legal counsel.... During the hearing, the Administration was represented by legal counsel.... A court reporter was present and recorded the testimony. After carefully considering the evidence presented, the Board of Education makes the following Findings of Fact, Conclusions of Law, and Decision[.]

The remainder of the document contained: (1) a list of the exhibits admitted in evidence at the hearing; (2) 107 paragraphs of specific factual findings; and (3) 16 paragraphs containing the Board's conclusions of law. Paragraph 113 stated that the issue before the Board was:

> whether it is more likely than not that [Appellant] was no longer competent to teach in the District, due to his insulting, demeaning, and harassing language toward his students, his demonstrated bias against certain students, his failure to motivate his students by replaying previous videos in class, and his failure to enter all his students' grades for the second semester.

According to this document, the Board decided there was competent and substantial evidence demonstrating that Appellant was incompetent to teach in the State of Missouri. The findings and conclusions were dated June 28, 2011.

Appellant received official notice of his termination on July 1, 2011. On July 18th,

he filed a petition for judicial review. Insofar as relevant here, the petition alleged:

3. The basis of the action by [the School District] was stated to be that [Appellant] was no longer competent to teach in the school district, due to his insulting, demeaning, and harassing language toward his students, his demonstrated bias against certain students, his failure to motivate his students by replaying videos in class, and his failure to enter all of his students' grades for second semester.

4. The action of [the School District] in terminating the indefinite contract of [Appellant] as a teacher of the Poplar Bluff R–1 School District was in violation of constitutional provisions; unsupported by competent and substantial evidence; unauthorized by law; was made upon unlawful procedure and without a fair trial; was arbitrary, capricious and unreasonable; and/or was an abuse of discretion for the following reasons:

. . . .

h. At the hearing, there were only five (5) members of the board of education present and one of the members present at the hearing repeatedly left the hearing during the testimony of various witnesses. Therefore, only four (4) members of the board of education were present for the entire hearing on the termination of [Appellant's] indefinite contract as a permanent teacher for [the School District].

The trial court set the matter for a hearing on January 23, 2012. Three days prior to that hearing, Appellant filed a motion to present additional evidence. With leave of court, Appellant was permitted to file an amended motion on February 6, 2012. Insofar as relevant here, Appellant's amended motion alleged that he wanted to present additional evidence concerning the following alleged procedural irregularities: (1) Board member Riffle was not present during the hearing, and there was no evidence that he read the transcript prior to voting to terminate Appellant's employment; and (2) Board member Simmons was repeatedly absent during the first four to five hours of the hearing when several witnesses testified. The motion contains no explanation of what witnesses or exhibits Appellant intended to present to prove these allegations. The School District filed suggestions opposing Appellant's request to present additional evidence.

On March 16, 2012, the trial court entered a judgment affirming the Board's decision. In relevant part, the court stated:

The Court has considered the pleadings of the parties and the argument of counsel and has read and examined the transcript of the underlying proceeding. The Court finds that the Record demonstrates substantial and competent evidence in support of the Board's decision to terminate [Appellant]. The Record further demonstrates the Board's decision was not arbitrary, capricious, or unreasonable. The Record further demonstrates that the Board's decision was not made upon unlawful procedure or without a fair trial. Accordingly, the Board's decision is hereby affirmed.

This appeal followed.

■ In Point I, Appellant contends the trial court abused its discretion by denying Appellant's request to present additional evidence. Appellant argues that he should have been permitted to introduce evidence of the following alleged procedural irregularities: (1) Board member Riffle did not attend the hearing, and Simmons missed substantial portions of testimony; and (2) neither Riffle nor Simmons read the transcript before voting to terminate Appel-

lant's teaching contract. We find no merit in this argument.

■ During judicial review of an administrative decision, a trial court "may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record." § 536.140.4 RSMo Cum.Supp. (2010). This language is merely permissive and does not compel the trial court to hear additional evidence. *Jerry–Russell Bliss, Inc. v. Hazardous Waste Management Comm'n,* 702 S.W.2d 77, 82 (Mo. banc 1985). "We interfere with a trial court's refusal to take additional evidence in its review of an administrative agency decision *only* where there is an abuse of the trial court's discretion in refusing to delve further into the matter." *Nenninger v. Dep't of Soc. Servs.,* 898 S.W.2d 112, 116 (Mo.App.1995) (emphasis in original). "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Flowers v. City of Campbell,* 384 S.W.3d 305, 314 (Mo.App. 2012). "If reasonable persons could differ as to the propriety of the trial court's action, there is no abuse of discretion." *Id.*

Because the School District had a seven-member board, a majority of four members had to vote in favor of terminating Appellant's teaching contract. *See* § 168.118(7). It is undisputed that three of the members who did so (Price, Robertson and Brown) attended the entire termination hearing. The trial court read the

transcript before issuing its ruling. The court reporter specifically noted in the transcript when Board President Riffle and Board Secretary Smith left the hearing. There was no similar notation indicating that Simmons left the hearing at any point before it concluded. Neither did the transcript contain any objection by Appellant that Simmons left the hearing while evidence was being presented. While Appellant's amended motion asserted in a conclusory fashion that Simmons did not hear all of the testimony, there was no explanation of the factual basis for that assertion or what evidence Appellant wanted to present to prove that assertion. Additionally, the trial court had a right to consider that this procedural challenge was first being raised on judicial review, rather than to the Board at a point when remedial action could have been taken. *See Boyer v. City of Potosi,* 38 S.W.3d 430, 434 (Mo.App.2000). Accordingly, the trial court did not abuse its discretion by denying Appellant's request to present additional evidence.[3] Point I is denied.

In Point II, Appellant contends the Board failed to follow the applicable statutory procedures. Appellant argues that: (1) board members Riffle and Simmons, who voted in favor of termination, did not hear all of the evidence or read the transcript; and (2) the Board's findings of fact and conclusions of law were not properly executed. We find no merit in either argument.

The Missouri Constitution states, in relevant part, that judicial review of a final decision by an administrative body "shall include the determination whether the same are authorized by law, and in such

---

**3.** Because there was sufficient evidence in the record for the trial court to determine that four Board members who voted to terminate Appellant's contract had heard all of the evidence, it is unnecessary to address Appellant's complaint that Riffle also voted in favor of

termination. *See* Rule 84.13(b) Missouri Court Rules (2013) (prohibiting an appellate court from reversing any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action).

cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record." Mo. Const. art. V, § 18; *see Lagud v. Kansas City Bd. of Police Comm'rs,* 136 S.W.3d 786, 790–91 (Mo. banc 2004). We review the administrative ruling, rather than the decision of the circuit court, to determine whether the agency's action: (1) violated constitutional provisions; (2) exceeded the agency's statutory authority or jurisdiction; (3) was unsupported by competent and substantial evidence upon the whole record; (4) was unauthorized by law for any reason; (5) was made upon unlawful procedure or without a fair trial; (6) was arbitrary, capricious or unreasonable; or (7) involved an abuse of discretion. *Lagud,* 136 S.W.3d at 791; *see* § 536.140.2 RSMo Cum.Supp. (2010).

 Appellant first argues that Board members Riffle and Simmons neither heard all of the evidence nor read the transcript before voting to terminate Appellant's indefinite teaching contract. We find no merit in this argument. Judicial review in a contested case is based upon the record made before the agency. *Shawnee Bend Special Road Dist. "D" v. Camden County Comm'n,* 800 S.W.2d 452, 456 (Mo.App.1990). It is undisputed that board members Price, Robertson and Brown attended the entire termination hearing. The court reporter made a specific notation in the transcript when Board President Riffle and Board Secretary Smith left the hearing. There was no similar notation indicating that Simmons was absent at any point during the hearing. Neither did the transcript contain any objection by Appellant that Simmons

left the hearing while evidence was being presented. "There is a presumption that public officials have rightfully and lawfully discharged their official duties until the contrary appears." *Dittmeier v. Mo. Real Estate Comm'n,* 316 S.W.2d 1, 5 (Mo. banc 1958). Accordingly, the transcript supports the conclusion that board members Price, Robertson, Brown and Simmons heard all of the evidence before they voted to terminate Appellant's indefinite teaching contract. Because those four voters constituted a majority of the Board, the requirement in § 168.118(7) was satisfied.

Appellant next argues that the Board's findings of fact and conclusions of law were not properly executed.[4] According to Appellant, the June 28th date on the findings, conclusions and decision means this document represents the view of Board President Riffle alone and does not constitute the Board's decision. We disagree.

██ The Board was required to issue a written decision that included findings of fact and conclusions of law. *See* § 168.118(7); § 168.120.2; § 536.090; *Hughes v. Board of Ed., Charleston Reorganized School Dist. No. 1,* 599 S.W.2d 254, 255–56 (Mo.App.1980). There is no requirement, however, that any board member actually sign the written decision. *See Willis v. School Dist. of Kansas City,* 606 S.W.2d 189, 196 (Mo.App.1980) (applying this rule to the termination of a tenured teacher rendered pursuant to §§ 168.118–.120); *Brown v. Weir,* 675 S.W.2d 135, 138–40 (Mo.App.1984) (applying the same rule to the termination of a teacher pursuant to § 168.221). The relevant question is simply whether the document containing the findings of fact, conclusions of law and decision signed by

---

4. The argument section of Appellant's brief also alluded to "other due process concerns" associated with the Board's decision. An issue omitted from the point and first raised in the argument portion of the brief is not preserved for appeal and will not be addressed. *Sexton v. Omaha Property and Cas. Ins. Co.,* 231 S.W.3d 844, 846 n. 2 (Mo.App.2007).

Board President Riffle represents the written decision of the Board. *See, e.g., Moesch v. Moniteau County R–1 School District Board of Education,* 257 S.W.3d 661, 662–64 (Mo.App.2008) (holding that the findings of fact, conclusions of law and decision signed by the school board president constituted the decision of the board); *Willis,* 606 S.W.2d at 196 (holding that the findings of fact and conclusions of law signed only by the school board's secretary constituted the decision of the board); *Brown,* 675 S.W.2d at 139–40 (holding that the findings of fact, conclusions of law and decision signed by the school board's president constituted the decision of the board).[5]

The record contains a copy of the Board's minutes from the June 29th meeting. According to this document, Board members Billington and Sells were absent. Board members Brown, Price, Riffle, Robertson and Simmons were present. These five board members voted to terminate Appellant's contract. The Findings of Fact, Conclusions of Law and Decision document signed by Board President Riffle accurately states that "the Board of Education voted unanimously (5–0, with two Board members absent) to terminate [Appellant's] employment with the Poplar Bluff R–I School District." This demonstrates that the findings, conclusions and decision were prepared after the Board's meeting, rather than before it occurred as Appellant contends. The June 28th date on document signed by Riffle is indicative of a scrivener's error, rather than an unauthorized decision made by one member of the Board alone.

Furthermore, it is evident that Appellant accepted the findings, conclusion and decision document as the Board's decision. Paragraph 113 of that document stated that the issue before the Board was:

> whether it is more likely than not that [Appellant] was no longer competent to teach in the District, due to his insulting, demeaning, and harassing language toward his students, his demonstrated bias against certain students, his failure to motivate his students by replaying previous videos in class, and his failure to enter all his students' grades for the second semester.

Appellant used the same language in his petition for review when challenging the Board's decision:

> 3. The basis of the action by Defendant was stated to be that Plaintiff was no longer competent to teach in the school district, due to his insulting, demeaning, and harassing language toward his students, his demonstrated bias against certain students, his failure to motivate his students by replaying videos in class, and his failure to enter all of his students' grades for second semester.
>
> 4. The action of Defendant in terminating the indefinite contract of [Appellant] as a teacher of the Poplar Bluff R–1 School District was in violation of constitutional provisions; unsupported by competent and substantial evidence; unauthorized by law; was made upon unlawful procedure and without a fair trial; was arbitrary, capricious and unreasonable; and/or was an abuse of discretion for the following reasons:

---

**5.** Appellant's reliance on *In re Thomas,* 926 S.W.2d 163 (Mo.App.1996), is misplaced. In *Thomas,* the eastern district of this Court held that findings and conclusions drafted after a board meeting and signed by the board president constituted the board's decision. *Id.* at 166. The opinion noted that the board minutes contained: (1) an instruction that coun-

sel prepare findings and conclusions; and (2) an authorization for the board president to sign them. *Id.* These facts showed that the later-signed document was the board's decision. *Thomas* does not stand for the proposition that this is the exclusive procedure a school board must follow to prepare its findings, conclusions and decision.

. . . .

h. At the hearing, there were only five (5) members of the board of education present and one of the members present at the hearing repeatedly left the hearing during the testimony of various witnesses. Therefore, only four (4) members of the board of education were present for the entire hearing on the termination of [Appellant's] indefinite contract as a permanent teacher for Defendant.

Appellant first raised the execution issue on appeal to this Court, rather than to the Board at a point when remedial action could have been taken. *See Boyer v. City of Potosi,* 38 S.W.3d 430, 434 (Mo.App. 2000). For all of these reasons, Appellant was not prejudiced by the errant date on the Board's findings, conclusions and decision document. *See Willis,* 606 S.W.2d at 196. Point II is denied.

We affirm the judgment of the trial court upholding the Board's decision to terminate Appellant's indefinite teaching contract.

DANIEL E. SCOTT, P.J., and MARY W. SHEFFIELD, J., concur.